## Hunter, Appellant, *v.* Pennsylvania State Civil Service Commission.

Argued May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jerome H. Gerber,* with him *Handler and Gerber,* for appellant.

*Edgar R. Casper,* Deputy Attorney General, with him *Edward Friedman,* Deputy Attorney General, for Pennsylvania State Civil Service Commission, appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

Prior to the Act of August 27, 1963, P. L. 1257, 71 P.S. §§741.3-741.1005 (Supp. 1965), appellant, Harry L. Hunter, an employee of the Department of Revenue of the Commonwealth of Pennsylvania, held a position classified under executive civil service.[1] By virtue of that Act, his position was placed under coverage of legislative civil service and, in accordance with the provisions thereof, appellant was given probationary status for a period of eighteen months.

During this probationary period, appellant received notification from the Secretary of Revenue that he was being dismissed because of "unsatisfactory work." Al-

---

[1] For a treatment of the distinction between executive and legislative civil service, see our previous decision in this case reported at 417 Pa. 372, 207 A. 2d 784 (1965).

leging that his discharge was actually motivated by political discrimination, appellant sought a hearing before the Civil Service Commission. Upon the refusal of the commission to inquire into appellant's charge, he obtained a writ of mandamus from the Commonwealth Court directing the commission to afford him a hearing. On appeal, this Court affirmed the issuance of the writ. *Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965).

A hearing was thereafter held by the Civil Service Commission, at which time appellant attempted to establish his allegation of discrimination. At the termination of the proceedings, the commission concluded that appellant had failed to establish that his discharge had been motivated by non-merit factors, finding that he had been removed for just cause.[2] An order was entered sustaining the action of the Secretary of Revenue in dismissing appellant from his position. Thereupon, appellant filed a petition under Rule 68½ which was granted and the case brought before this Court for review.

Recognizing that the scope of our review on this appeal is in the nature of narrow certiorari, see *Keystone Raceway Corp. v. State Harness Racing Comm'n,* 405 Pa. 1, 5-6, 173 A. 2d 97, 99 (1961); *DeVito v. Civil Service Comm'n,* 404 Pa. 354, 357-59, 172 A. 2d 161, 163 (1961), appellant does not challenge the findings of the commission that his dismissal was non-discriminatory. Rather, he contends that the commission erred in construing the Civil Service Act not to re-

---

[2] The Commission found that appellant's work was unsatisfactory because "appellant did not obey regulations; a majority of his reports were rejected; he skirted around his chief supervisor; his personal conduct in the office was bad; he used bad language, cursing; he refused to give employes information they asked [sic]; he was dictatorial, he openly challenged the authority of Bureau officials in Harrisburg."

quire the Budget Secretary to conduct an independent investigation prior to the discharge of a probationary employee for unsatisfactory work.[3] Appellant contends that the Act should be read so as to impose upon the Budget Secretary the non-delegable duty of conducting such an investigation prior to affixing his signature to the notification of discharge.

Although acknowledging receipt of a notification of discharge countersigned by the Budget Secretary, appellant contends that the admitted failure of the Secretary to make an independent inquiry into the merits of the dismissal voids his discharge as being unauthorized and irregular.

We are unable to agree with the contention advanced by appellant. Section 28(c) of the Civil Service Act, the section here in dispute, provides that the Budget Secretary must countersign not only notifications of dismissal of probationary employees but also notifications that an employee has been accorded regular employment status. Thus, the Secretary is required to countersign notifications of change of status of probationary employees relating to matters other than discharge. This fact confirms our view that the countersignature requirement was intended to conform with the long standing administrative practice of processing changes in the governmental work force through the office of the Budget Secretary prior to their becoming effective so that central personnel control and,

[3] The section in dispute provides: "(c) Any person serving such probationary period may, at any time within such period (i) upon written notification of satisfactory work being submitted to the director by the appointing authority, *countersigned by the Budget Secretary*, receive regular employment status, or (ii) upon written notification of unsatisfactory work being submitted to the director by the appointing authority, *countersigned by the Budget Secretary*, be separated from the classified service without the right of appeal. . . ." (Emphasis supplied.) Act of August 27, 1963, P. L. 1257, §28(c), 71 P.S. §741.1005(c).

thus, central budget control, may be more efficiently secured. In addition, the requirement constitutes a safeguard for the Commonwealth by affording the Budget Secretary an opportunity to coordinate personnel changes and thereby avoid dislocations which might interfere with the functioning of the executive branch of the government.

Under this view, the one adopted by the Civil Service Commission and the one which we find more compelling, the Budget Secretary is not required by the Act to conduct an inquiry into the discharge of probationary employees prior to his countersigning a notification of dismissal. Under the position advanced by appellant, the Budget Secretary would be required to investigate the merits of *all* changes of status affecting probationary employees. Such an interpretation of the Act would vest the Secretary with appointive and discharge authority greater than that of department heads, and would impose responsibilities upon him far beyond the realm of his expertise. Nothing has been called to our attention which supports such a construction of the Act.

Appellant also contends that he was denied procedural due process by the application of the amended Civil Service Act to his case. This contention, since it presents a constitutional question, is reviewable even though the case is here on narrow certiorari. See *Keystone Raceway Corp. v. State Harness Racing Comm'n,* supra; *DeVito v. Civil Service Comm'n,* supra.

Appellant predicates his constitutional challenge on the ground that had the charge of unsatisfactory work, the basis of his dismissal, been brought against him at the time the disputed conduct occurred, he would have been entitled to a hearing on the merits of the charge rather than one limited to the issue of discrimination. Cf. *Kelly v. Jones,* 419 Pa. 305, 214 A. 2d 345 (1965); *Hunter v. Jones,* supra. By restricting him to the

more limited appeal provided probationary employees under the 1963 amendment to the Civil Service Act, even though the conduct which was the basis of his dismissal occurred prior to the effective date of the amendment, appellant contends that the commission denied him his constitutional right to a hearing on the merits of the charge of unsatisfactory work.

Assuming arguendo that appellant is correct in his assertion that the conduct upon which the charge of unsatisfactory work was based occurred prior to the effective date of the Act of 1963, we do not agree that the application of that Act to appellant constituted a denial of a constitutionally guaranteed right.

A governmental employee has no vested right in the terms and conditions of his employment, *Kelly v. Jones*, supra, and has no constitutional right to insist that a procedure for discharge, once adopted, be continued in effect as to him for the duration of his employment. Cf. *Philadelphia Civil Service Comm'n v. Eckles*, 376 Pa. 421, 103 A. 2d 761 (1954). Moreover, such a change in procedure may be applied retrospectively to actions which occurred prior to the adoption of the new procedure. *Philadelphia Civil Service Comm'n v. Eckles*, supra.

The constitutional contention raised by appellant being controlled by the decisions in *Kelly v. Jones*, supra, and *Philadelphia Civil Service Comm'n v. Eckles*, supra, and appellant's construction of the Civil Service Act having been rejected, we conclude that the action of the Civil Service Commission sustaining the dismissal of appellant for cause must be affirmed.

Order affirmed.

Mr. Justice MUSMANNO, Mr. Justice JONES and Mr. Justice COHEN dissent.