Beard, Appellant, *v.* State Civil Service Commission.

Argued November 15, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bruce E. Cooper,* for appellant.

*Edgar R. Casper,* Deputy Attorney General, with him *Edward Friedman,* Attorney General, for Pennsylvania State Civil Service Commission, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 6, 1967:

Prior to the Act of August 27, 1963, P. L. 1257, 71 P.S. §§741.3-741.1005 (Supp. 1965), appellant, Donald L. Beard, a Traffic Engineer I employed by the Department of Highways of the Commonwealth of Pennsylvania, held a position classified under executive civil service. By virtue of that Act, his position was placed under coverage of legislative civil service and, in accordance with the provisions thereof, appellant was given probationary status for a period of eighteen months.[1]

In October 1963, appellant was notified that he had been placed on a thirty day suspension.[2] In December,

---

[1] For a treatment of the distinction between executive and legislative civil service, see *Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965).

[2] By letter dated October 29, 1963, signed by J. C. Whalen, District Engineer, appellant was informed that his suspension was to be effective at the close of work November 6, 1963 because of work curtailment. By letter dated November 7, 1963, signed by Lester D.

he was informed that he was being permanently separated from the department because of "unsatisfactory work." Alleging that his discharge was actually motivated by political discrimination, appellant sought to appeal his dismissal to the civil service commission.[3] The commission initially denied appellant's request for a hearing, but following this Court's opinion in *Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965), the request for an appeal was granted. A hearing was held on May 27, 1965 at which time appellant was represented by counsel. The commission sustained the dismissal and appellant filed a petition in this Court for review pursuant to Rule 68½ which was granted.

The Legislature has provided that "all final decisions of the commission shall not be reviewable by any court." Act of August 27, 1963, P. L. 1257, §27(c), §741.951(c). Our review on this appeal is therefore in the nature of narrow certiorari, *Hunter v. State Civil Service Comm.,* 422 Pa. 158, 220 A. 2d 879 (1966), and we may consider only: (1) questions of jurisdiction; (2) the regularity of the proceedings below; (3) whether the order of the commission exceeded its powers; (4) or whether the order of the commission violates rights protected by the federal or state constitution. *Keystone Raceway Corp. v. State Racing Comm.,* 405 Pa. 1, 173 A. 2d 97 (1961); *DeVito v. Civil Service Comm.,* 404 Pa. 354, 172 A. 2d 161 (1961); *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 130 A. 2d 686 (1957).

On narrow certiorari we cannot, of course, consider de novo the merits of the underlying controversy, but

---

Wise, Personnel Director, appellant was informed that the reason for his suspension was unsatisfactory performance.

[3] No appeal is permitted from the determination of the appointing authority that a probationary employee's work has been unsatisfactory. Act of August 27, 1963, P. L. 1257, §28(c), 71 P.S. §741.1005(c).

this Court has not only the power but the duty to determine that all litigants appearing before judicial or quasi-judicial tribunals are afforded established procedural rights. See *DeVito v. Civil Service Comm.,* supra; *Dauphin Deposit Trust Co. v. Myers,*[4] supra; see generally, Notes, 62 Dick. L. Rev. 243 (1958). The mere fact that the agency's finding is not erroneous on its face, does not insulate it from review by this Court, for in that event the commission could phrase its finding in nondiscriminatory terms so that even if the appointing authority admitted that the employee was fired for discriminatory reasons, political or otherwise, this Court would nonetheless be powerless to intervene. Such a view would run counter to one of the essential rationales of *Hunter v. Jones,* supra at 379, 207 A. 2d at 788: "In the absence of explicit language or of other convincing evidence of legislative purpose to the contrary, we may not conclude that the Legislature intended a result which would be contrary to the entire purpose of the merit system and which would negate its expressed disapproval of discriminatory considerations." However, unless, as in *O'Peil v. State Civil Service Comm.,* 424 Pa. 151, 225 A. 2d 546 (1967),[5] filed today, the proceedings themselves, as opposed to a finding, show on their face that the commission's order is arbitrary or capricious, we may not interfere with its conclusions

[4] In *DeVito,* this Court held that the Civil Service Commission of the City of Philadelphia exceeded its authority in sustaining the dismissal for "just cause" of two policemen who had refused to submit to a lie detector. In *Dauphin Trust,* the Court held that the Department of Banking exceeded its authority when it misinterpreted §204.1A of the Act of December 30, 1955, P. L. 920, 7 P.S. §819-204.1.

[5] In *O'Peil,* we held that the commission exceeded its authority in not requiring the Commonwealth to rebut testimony which standing alone made out a prima facie case of discrimination and we therefore remanded the case to the commission for further proceedings.

regardless of our own personal beliefs as to their correctness. *Keystone Raceway Corp. v. State Racing Comm.,* supra; *Swank v. Myers,* 386 Pa. 331, 126 A. 2d 267 (1956).

Appellant, on the other hand, maintains that the commission's order must be reversed because the appointing authority failed to show that his dismissal was the result of unsatisfactory work. However, the purpose of the hearing was not to determine the quality of appellant's work but only to determine whether there was any substance in appellant's charge of discrimination. Unless he could prove this, the commission had no authority to question the validity of the unsatisfactory work determination. *Hunter v. Jones,* supra at 379-80, 207 A. 2d at 788-89.

Following presentation of appellant's case, the attorney for the Department of Highways moved for a dismissal of the appeal on the ground that appellant had not substantiated his claim of discrimination. The commission reserved its ruling at which time the authority presented as its witness, J. C. Whalen, a district engineer in the Department of Highways, from whom appellant allegedly derived his belief that his dismissal was politically motivated. Mr. Whalen denied saying anything which could have led appellant to so believe and testified to the contrary that appellant was dismissed because his immediate superior was not satisfied with the quality of his work. On the basis of Mr. Whalen's testimony the commission's finding that the dismissal was not for discriminatory reasons was clearly not capricious.

Order affirmed.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.