O'Peil, Appellant, *v.* State Civil Service
Commission.

Argued November 15, 1966.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Frank J. McDonnell,* for appellant.

*Edgar R. Casper,* Deputy Attorney General, with
him *Edward Friedman,* Attorney General, for Pennsyl-
vania State Civil Service Commission, appellee.

152

OPINION BY MR. JUSTICE COHEN, January 6, 1967:

Appellant was employed on May 17, 1957 by the Pennsylvania Department of Revenue as a Corporation Tax Officer I. Pursuant to the Act of August 27, 1963, P. L. 1257, §28, 71 P.S. §741.1005 (Supp. 1965), he was placed on probationary status. By letter dated November 23, 1964, appellant was advised that his work was unsatisfactory and that his services would be terminated as of December 3, 1964. Following his dismissal, appellant appealed to the State Civil Service Commission, which, after hearing, dismissed the appeal. He has appealed to this Court under Rule 68½.

At the commission hearing, appellant presented evidence to the effect that his dismissal was occasioned not by unsatisfactory performance of his duties, but by discrimination against him because of his political affiliations, in violation of the Civil Service Law, Act of August 5, 1941, P. L. 752, §905.1, added August 27, 1963, P. L. 1257, §25, 71 P.S. §741.905a (Supp. 1965). Appellant testified that a high ranking member of the Republican Party had told him that he had been fired because his home district had been carried by the Democratic Party. Despite the fact that this testimony was uncontradicted on the record, the Department of Revenue rested its case without presenting any evidence.

The Civil Service Law, supra, §951, 71 P.S. §741.951 (Supp. 1965) provides, "(c) All final decisions of the commission shall not be reviewable by any court." Accordingly, our review is on narrow certiorari and is limited to (1) questions of jurisdiction; (2) the regularity of the proceedings; (3) a determination as to whether or not the Commission exceeded its authority; and (4) a consideration of possible constitutional violations. DeVito v. Civil Service Commission, 404 Pa. 354, 172 A. 2d 161 (1961). A review of the proceedings satisfies us that the commission was clearly in

error in granting the Commonwealth's motion to dismiss. There was sufficient evidence adduced by appellant to require the Commonwealth to present testimony that would substantiate its position. In *Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965), we held that under §§905.1 and 951(b), a probationary employee who is allegedly discharged for unsatisfactory work may challenge his dismissal by reciting and substantiating at a hearing his claim of discrimination. In the instant matter, appellant sustained his allegations of discrimination to the extent that the Commonwealth should have been required to rebut the charge of discrimination or prove its charge of unsatisfactory performance by appellant, or do both. Having failed to require the Commonwealth to present evidence toward either end, the commission exceeded its authority when it granted the Commonwealth's motion to dismiss the appeal in the face of testimony that required contravention. A similar case having an opposite conclusion is *Beard v. State Civil Service Commission,* 424 Pa. 146, 225 A. 2d 543 (1967), decided today, wherein we affirmed the commission's order sustaining the action of the Department of Highways in removing Beard from the position of Traffic Engineer I and dismissing Beard's appeal, because the Commonwealth, unlike its tactics in the instant matter, did not rest its case after the commission reserved decision on its motion to dismiss the appeal. Rather it presented competent testimony tending to rebut the discharged employee's allegations of discrimination and to substantiate its own charges of unsatisfactory work performance.

The order is vacated and the cause remanded to the. commission so that the Commonwealth may proceed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

The Civil Service Law, §951, provides, "(c) All final decisions of the commission shall not be reviewable by ·

any court." The majority correctly state that in view of (c), our review is on narrow certiorari and is limited to (1) questions of jurisdiction; (2) the regularity of the proceedings; (3) a determination as to whether or not the Commission exceeded its authority; and (4) a consideration of possible constitutional violations. *De-Vito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161 (1961), and cases cited therein.

Having laid down the correct legal test, the majority then ignore it and decide the question involved "on the merits," under the erroneous theory that the Commission exceeded its authority.

For these reasons, I dissent.