Corder *v.* Civil Service Commission.

Argued April 21, 1971, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Andrew S. Price,* with him *Richard B. Sigmond, Leonard Spear* and *Meranze, Katz, Spear & Bielitsky,* for appellant.

*Samuel Lichtenfeld,* Assistant Attorney General, with him *Marx S. Leopold,* General Counsel, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, July 9, 1971:

This case is before us on appeal from an Order of the State Civil Service Commission, appellee (Commission). Elizabeth Ann Corder, the appellant, was initially hired in June of 1968 by the Philadelphia County Board of Assistance (the Philadelphia administrative arm of the Pennsylvania Department of Public Welfare) to serve in the capacity of Caseworker Trainee, Probationary Status. This appointment resulted from competitive examinations in which appellant participated, and for a period of nine months, Miss Corder was on probationary status. (We note that the position of Caseworker Trainee and its related duties are covered in the regulations of the Philadelphia County Board of Assistance, No. 4000. The definition section states, inter alia: "Upon successful completion of one year of satisfactory training and service as a Caseworker Trainee, the employee is normally promoted to the Caseworker class.") There are no specific restrictions noted anywhere in this record as to the length of time a person may remain a Caseworker Trainee.

In April of 1969, some nine months after the initial appointment to the position of Caseworker Trainee, *Probationary Status,* the appellant was promoted to the position of Caseworker Trainee, *Regular Status.* In June of the same year, appellant was again promoted, on this occasion to the position of Caseworker,* Probationary Status. Miss Corder continued to function in this position until September 3, 1970, on which date she was informed by the Executive Director of the Philadelphia County Board of Assistance that she was

---

* Note here that the word "Trainee" does not appear.

being removed from her then present position. The Executive Director further informed her that she would not be returned to her former position as Caseworker Trainee, Regular Status; but rather was being discharged completely from the classified service (i.e., employment in the Pennsylvania Department of Public Welfare).

Appellant filed an appeal with the State Civil Service Commission, and on October 7, 1970, a hearing was held before the Commission, at which a record was made. The Commission in the resultant adjudication affirmed the removal of appellant from her probationary status position as Caseworker and further, from the classified service. It is from this adjudication that appellant appeals.

We note that the right of a party to appeal, and the jurisdiction of this Court to hear this appeal, obtain from the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. 1710.1 et seq. at §1710.51(a) (43).

Furthermore, the right of appeal by a party aggrieved, although limited by the Civil Service Act of August 5, 1941, as amended, 71 P.S. 741.951(c) has been expanded by §1710.47 of the Administrative Agency Law. The statute, *inter alia,* declares: "Where an Act of Assembly expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, . . . any person aggrieved by such an adjudication, . . . may nevertheless appeal the same . . . to the Court of Common Pleas of Dauphin County."*

---

* Section 508(a) (71) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L.      , No. 223 (17 P.S. §211.508(a) (71)) transfers jurisdiction to the Commonwealth Court. See *O'Peil v. State Civil Service Commission,* 424 Pa. 151, 225 A. 2d 546 (1967); *Beard v. State Civil Service Commission,* 424 Pa. 146, 225 A. 2d

The scope of review to be employed by our Court derives from the Administrative Agency Law, *supra,* 71 P.S. 1710.44, which states: "The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." The review then is not *de novo* but rather one which looks to error of law or abuse of discretion as the determinative criteria.

In order to properly dispose of this matter we need to determine the status of appellant on the date of her dual dismissal, September 3, 1970. For the purposes of clarity we shall trace again chronologically the period spent by appellant in state employment, and in addition noting her various statutory rights as they attached.

1. Appellant was initially appointed to the classified service in June of 1968 to the position of Caseworker Trainee, Probationary Status. She was held upon this probationary status for a period of nine months, at which time she was promoted to the position of Caseworker Trainee, Regular Status, in April of 1969. This action comports with the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 P.S. 741. 603(a) : "No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the Commission and shall in no case be less than six months or more than eighteen months. . . ."

543 (1967) ; *Hunter v. State Civil Service Commission,* 422 Pa. 158, 220 A. 2d 879 (1966) ; *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161 (1961).

2. In June of 1969, appellant was promoted to the position of Caseworker, Probationary Status. The Civil Service Act, *supra,* at 71 P.S. 741.804, deals with "Removal during probationary period." It states: "The appointing authority may remove an employee from the classified service at any time before the expiration of the probationary period."

It is necessary, however, to read the aforecited statute together with its companion at 71 P.S. 741.804(a), *"Rights of promoted employe during probationary period."* It states: "If the probationary period has resulted from a promotion, such removal shall not be from the classified service. A classified employe so removed during a probationary period, resulting from promotion, shall have the right to and shall be returned to the position or class held immediately prior to such promotion without necessity of appeal or hearing."

3. On September 3, 1970, appellant was notified of her dual dismissal. We shall now discuss the two aspects involved in her dismissal:

A. Dismissal from the position of Caseworker, Probationary Status.

We believe that such action was properly within the discretion of the appointing authority as mandated at 71 P.S. 741.603(a) : "At any time during the probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service."*

Furthermore, there is present sufficient credible evidence in the record upon which the appointing au-

---

* In the case of an employe of the classified service who has been promoted and is probationary in the promoted status, such employe has compatible rights under 71 P.S. 741.804(a), discussed above.

thority could base his decision to remove appellant from her then probationary status position.

B. Dismissal from the classified service, i.e., absolute removal from state employment, thereby foreclosing the opportunity to return to the position held immediately prior to the most recent promotion.

We are of the opinion that this aspect of appellant's dismissal is clearly in conflict with the protections guaranteed her under the Civil Service Act. Appellant has suffered the frustration and deprivation of her rights as provided for in the Act at 71 P.S. 741.804(a), *supra*. In order for the appointing authority to remove her completely from the classified service, we look again to the Civil Service Act, which states at 71 P.S. 741.807: "*Removal.* No regular employe in the classified service shall be removed except for just cause." In defining "just cause" we are aided by a provision of the Civil Service Act, *supra,* at 71 P.S. 741.905(a) and by the case law of our courts. The Civil Service Act states: "No officer or employe of the Commonwealth shall discriminate against *any person* in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin *or other nonmerit* factors." (Emphasis added.) We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any "personnel action" carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.

We are at a loss to comprehend how such a finding could be made in the instant case when appellant had been promoted from that very position based upon her proper and satisfactory execution of the duties required thereunder.

We feel compelled to address ourselves to appellee's argument that appellant was never more than a probationary status employee at any time. It is appellee's contention that the position of Caseworker Trainee is inherently a probationary position and promotion to Caseworker Trainee, Regular Status, in no way alters this inherently probationary status. The extension of the logic of this position would result in appellant never achieving the position of regular status so as to come under the protections of the Civil Service Act. Further, if the position of the Department of Public Welfare would be adopted, and the position of Caseworker Trainee would be viewed as an inherently probationary position, such an interpretation would be in conflict with 71 P.S. 741.603(a), *supra,* which sets forth minimum and maximum periods during which an individual may be on probationary status. We therefore must reject such an unlawful interpretation.

We reiterate that there is nothing in this record to indicate that a Caseworker Trainee, Regular Status, could not remain permanently in that position. It is our opinion that based upon the terminology employed by the appointing authority it was in the contemplation of said authority that the position of Caseworker Trainee had within it two levels of placement, viz., one level being a probationary status, and the second level being a regular status. In view of these facts, we must accord to appellant the protections resulting from that distinction.

We note in passing that the appellant, in her brief, has requested punitive damages for her "embarrassment and heartbreak". We find no statutory basis for this

request and therefore her argument on it is without merit. She is entitled, however, to all her rights under the provisions of the Civil Service Act relating to reinstatement and back salary.

In summary, the findings of fact clearly state that the appointing authority found appellant to be more than adequate in her performance of the duties as Caseworker Trainee, Probationary Status, and Regular Status. This, then, foreclosed a dual dismissal without just cause. The conclusions of law are in error as to their holding that appellant had been properly removed in accordance with the Civil Service Act. For reasons indicated earlier in this opinion, we

### ORDER

AND Now, this 9th day of July, 1971, the Order of the Civil Service Commission dated November 19, 1970, is hereby set aside, and this matter is remanded to the Civil Service Commission for further deposition in accordance with this Opinion and Order.