## Gibbs *v.* Civil Service Commission.

Argued April 21, 1971, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Paul A. Simmons,* with him *Hormell, Tempest, Simmons, Bigi & Melenyzer,* for appellant.

C. Francis Fisher, Special Assistant Attorney General, with him Donald J. Lee, Special Assistant Attorney General, Jacques H. Fox, Assistant Attorney General, Marx S. Leopold, General Counsel, and J. Shane Creamer, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 31, 1971:

This is an appeal involving an order of the State Civil Service Commission which upheld the dismissal of appellant from her position as Beautician I at the Western State School and Hospital. Appellant contends that her dismissal was not based upon substantial evidence of "just cause". We agree.

Appellant served as a regular status beautician at Western State from November 17, 1968 until her removal on November 17, 1969. The reason given for her removal was "unsatisfactory" work performance. Upon request, the Commission granted a hearing and, after taking testimony, affirmed the dismissal. The appeal of the Commission's decision is now before this Court.

The Commission argues that this appeal is before us on narrow certiorari. O'Peil v. State Civil Service Commission, 424 Pa. 151, 225 A. 2d 546 (1967); Beard v. State Civil Service Commission, 424 Pa. 146, 225 A. 2d 543 (1967); Hunter v. State Civil Service Commission, 422 Pa. 158, 220 A. 2d 879 (1966); DeVito v. State Civil Service Commission, 404 Pa. 354, 172 A. 2d 161 (1961). If the Commission is correct, our review would be limited to: (1) questions of jurisdiction; (2) the regularity of the proceedings; (3) a determination as to whether or not the Commission exceeded its authority; and (4) a consideration of constitutional violations. Although review of Commission decisions was limited to these issues, the Constitutional amendments of April 23, 1968, Article V, Section 9, as implemented by the Administrative Agency Law, Act of June 4,

1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq. at §§1710.44, 1710.47 and 1710.51(a)(43), and by the Appellate Court Jurisdiction Act, Act of July 31st, 1970, P. L. , No. 223, Section 508(a)(71), 17 P.S. §211.508(a)(71), have broadened the scope of this Court's review power.

This Court most recently discussed this issue in *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct., 462, 279 A. 2d 368 (July 9, 1971). There Judge KRAMER in speaking for the Court, said: ". . . the right of appeal by a party aggrieved, although limited by the Civil Service Act of August 5, 1941, as amended, 71 P.S. 741.951(c) has been expanded by §1710.47 of the Administrative Agency Law. The statute, inter alia, declares: 'Where an Act of Assembly expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, . . . any person aggrieved by such an adjudication, . . . may nevertheless appeal the same . . . to the [Commonwealth Court].'

"The scope of review to be employed by our Court derives from the Administrative Agency Law, supra, 71 P.S. 1710.44, which states: 'The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.' The review then is not *de novo* but rather one which looks to error of law or abuse of discretion as the determinative criteria."

The question before us then is whether the affirmance of appellant's dismissal amounted to an abuse of

discretion or error of law by the Commission. "It is the court's province on an appeal from an administrative agency to determine the propriety of the agency's findings, which must be supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. However, the court will examine, but not weigh, the evidence, since the fact-finding tribunal is in a better position than the court to pass upon elements of fact, dependent upon oral testimony, and the court may not substitute its judgment for that of the agency: Pennsylvania State Board of Medical Education and Licensure v. Ferry, 172 Pa. Superior Ct. 372 (1953)." *Etters v. State Employes' Retirement Board,* 83 Dauph. 1, 34 D. & C. 2d 757, 760 (1964).

The basis for removal of regular classified employees was discussed in *Corder*: "In order for the appointing authority to remove [them] completely from the classified service, we look again to the Civil Service Act, which states at 71 P.S. 741.807: *'Removal.* No regular employe in the classified service shall be removed except for just cause.' In defining 'just cause' we are aided by a provision of the Civil Service Act, supra, at 71 P.S. 741.905(a) and by the case law of our courts. The Civil Service Act states: 'No officer or employe of the Commonwealth shall discriminate against *any person* in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or *other non-merit* factors.' (Emphasis added). We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any 'personal action' carried out by the Commonwealth is to be scrutinized in the light of such merit

criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability."

The record reveals that Western State, the hiring authority, presented sufficiently substantial evidence that Jean Gibbs "failed to properly execute [her] duties" as assigned. The transcript of the hearing is replete with complaints, incident reports and even admissions that appellant did not satisfactorily complete her scheduled assignments. But, this finding *alone* is not sufficient to sustain the dismissal of a classified regular employe.

Jean Gibbs was employed as a Beautician I. For her to be dismissed from that position for failure to execute her duties, her duties must have been those reasonably related to and expected of an employe so classified.

From the record, the following facts are evident: (1) the supervisory personnel at Western State directly responsible for delineating Mrs. Gibbs' work duties were not aware of or trained in the normal duties of beauticians; (2) the supervisory personnel at Western State were not knowledgeable in techniques or methods of rating the efficiency of their personnel; and, (3) the duties required of Mrs. Gibbs were unreasonable with respect to the number of patients and the time schedule of completion.

The hospital has failed to present substantial evidence that appellant unsatisfactorily executed the duties *reasonably* expected of a Beautician I. The only testimony as to the reasonableness of the duties assigned Mrs. Gibbs, and their relationship to her position as Beautician I, was offered by appellant and a classified Beautician I at another state hospital. Their

236

testimony, the only evidence before the Commission on this point, was that it would be "impossible" for a Beautician I to complete the workload required of appellant. The Commission did not have before it substantial evidence that appellant had "failed to properly execute" the duties of a Beautician I, and therefore could not uphold appellant's removal from that position based upon unsatisfactory performance. In that a "finding of fact . . . necessary to support [the] adjudication is not supported by substantial evidence," we issue the following

### ORDER

AND Now, this 31st day of August, 1971, the order of the State Civil Service Commission dismissing the appeal of Jean B. Gibbs and sustaining her removal by the Department of Public Welfare from her position as Beautician I is hereby reversed and the case is remanded to the State Civil Service Commission with the direction that Jean B. Gibbs be reinstated as Beautician I in accordance with the applicable provisions of law.