**Attorney-Examiners for
Public Utility Commission**

PACKEL, August 1, 1974.—The question has arisen as to whether attorney-examiners appointed by the Public Utility Commission fall within the jurisdiction of the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 PS §741.1, et seq. The question also arises as to whether the Public Utility Commission can appoint individuals to attorney-examiner positions without their first taking a civil service examination. In addition, since a civil service examination is not available for attorney-examiner positions, can the terms for which such examiners have been provisionally appointed, be extended?

## I.

The Civil Service Act provides, inter alia, for both "classified" and "unclassified service": 71 PS §741.3. Among those positions included in "classified service" are: "All positions now existing or hereafter created under the Public Utility Commission": 71 PS §741.3(b) (11). There are, however, two exceptions which may possibly be construed as exempting attorney-examiners from "classified service." "Unclassified service" includes:

"Heads of departments of the Commonwealth and the deputy heads thereof and the bureau and division chiefs and all other supervisory personnel whose duties include participation in policy decisions": 71 PS §741.3(c)(1).

The power and duties of those persons presiding over hearings held by the Public Utility Commission, which includes attorney-examiners, are clearly delineated in the Public Utility Law of March 31, 1937, P. L. 160:

"[I]n any investigation, inquiry or hearing, the commission may designate a special agent or examiner who shall have the power to administer oaths and examine witnesses and receive evidence in any locality which the commission, having regard to the public· convenience and the proper discharge of its functions and duties, may designate": 66 PS §458.

It is apparent from the above quotation that attorney-examiners are not "supervisory personnel whose duties include participation in policy decisions."

The Civil Service Act also exempts from "classified service":

"Such attorneys as the appointing authority shall appoint and the Attorney General shall approve": 71 PS §741.3(c)(5).

Since the Attorney General does not approve the appointment of Public Utility Commission attorney-examiners, this exception from classified service is likewise not applicable.

In regard to "classified service," the Civil Service Act provides:

"Except as otherwise provided in this act, appointments of persons entering the classified service or promoted therein shall be from eligible lists established as a result of the examinations given by the director to determine the relative merit of candidates. Such examinations may be written and shall be competitive and open to all persons who may be lawfully appointed to positions within the classes for which the examinations are held": 71 PS §741.501.

It is clear then, that positions of attorney-examiner within the Public Utility Commission are positions of "classified service" and must be filled in accordance with the "Civil Service Act."

## II

There is a provision in the Civil Service Act which permits "classified service" positions to be filled without the requirement of a civil service examination. It provides:

"Whenever there is great and urgent need for filling a vacancy in any position in the classified service and the director is unable to certify an eligible for the vacancy, he may authorize the filling of the vacancy by provisional appointment. If he does authorize such appointment he shall certify no more than three qualified persons with or without examination and the appointing authority shall appoint one of the persons so certified. A provisional appointment shall continue only until an appropriate eligible list can be established and certification made therefrom, but in no event for more than six months in any twelve-month period. Successive provisional appointments of the same or different persons shall not be made to the same position. The acceptance of a provisional appointment shall not confer upon the appointee any rights of permanent tenure, transfer, promotion or reinstatement": 71 PS §741.604.

Thus, when the need is great and an examination is unavailable, a person may be appointed to a "classified service" position in accordance with the law quoted above. A determination of "great and urgent" public need is, of course, left to the Public Utility Commission to be concurred in by the Civil Service Commission.

## III

We are now presented with the question of whether the "six months in any twelve-month period" condition, imposed by the provisional appointment section of the Act, can be extended when there is no civil service examination or other appointment procedure available for attorney-examiner positions. Construing the provisional appointment section of the Civil Service Act of 1907 which only had a 90-day limitation but in all other respects remains the same for purposes of this opinion, the Pennsylvania Supreme Court held in McCartney v. Johnston, 326 Pa. 442, 447 (1937), that:

"a consideration of the language of this section clearly shows the legislative intendment that no provisional appointment made thereunder can endure 'for a longer period than three months.' In our opinion this provision of the section is mandatory . . . If we were to hold otherwise the Act would fail of its purpose."

The court continued:

"Provisional appointments are provided so that when there is no list of eligibles temporary appointments can be made to meet emergencies until the Civil Service Commission has sufficient time to prepare, advertise and hold competitive examinations for the position to be filled": Id. at page 448.

The Attorney General has had occasion to rule on the legality of the employment of provisional employes serving longer than the provisional appointment sections of the law contemplate, and when there is no examination available for a given position. He stated:

"Although the employment of provisional employees at the present time is unlawful, nevertheless because of the failure of the proper authorities to comply with the law, lists of eligible appointees are not available at the present time. Therefore, in order that the Unemployment Compensation Law may be administered, it

is necessary to continue this unlawful employment. However, such employment should be terminated as soon as possible": 1937-1938 Opinions of the Attorney General 120, 124, Opinion No. 245.

Shortly thereafter, the Attorney General once again had occasion to consider this problem and stated:

"You are also advised that the retention of provisional employees may only be continued for such period of time as is absolutely necessary, and that such employees must be replaced at the earliest possible moment with employees appointed from certified lists of eligibles": 1937-1938 Opinions of the Attorney General 165, 168, No. 257.

The Commonwealth Court recently held that a provisional appointees' continuation in employment beyond the six months permissible period is contrary to law: Shapiro v. State Civil Service Commission, 12 Pa. Commonwealth Ct. 121 (1974). Judge Wilkinson writing for the majority, stated:

"The legal status of a person who is held over beyond the six-month (formerly 90-day) period was carefully analyzed by the Attorney General of Pennsylvania in Official Opinion No. 120, dated May 29, 1958, appearing in the bound volumes of Official Opinions for 1958, at page 223. In that opinion, the Attorney General advised the Auditor General that the situation was unlawful, and the Civil Service Commission had the duty to hold examinations with dispatch . . . We agree with that well-reasoned opinion": Id. at page 123.

Thus, authorities are in agreement that provisional appointees serving beyond the maximum limit, six months under present law, are serving unlawfully. However, they may be retained until the Civil Service Commission can prepare the proper examinations for the positions to be filled.

It is, therefore, our opinion and you are accordingly advised, that attorney-examiners within the Public Utility Commission are subject to the "classified service" provisions of the Civil Service Act. Individuals who provisionally fill such positions should not serve longer than six months in any 12-month period. Although there should be great reluctance to do so, that period may be extended in situations where the Civil Service Commission has been unable to prepare a proper examination and certification procedure for the position of attorney-examiner. In light of case law and earlier Attorney General's opinions on point, it is most appropriate and necessary that the Civil Service Commission act as promptly as possible to establish the requisite examination and certification procedures.