Robert Sullivan, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Carl Baer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued February 4, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Kingsley A. Jarvis,* for appellants.

*Mark Hodgeman,* Assistant Counsel, with him *Louis G. Cocheres,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 18, 1982:

Robert Sullivan and Carl Baer appeal from the Civil Service Commission's refusal to grant them hearings to contest a termination of their employment with the Pennsylvania Department of Transportation.

Because we have no evidentiary record whatsoever, we must consider the allegations of the appeal letter which the employees' attorney filed with the Commission. It avers that the department hired Baer in 1962 and Sullivan in 1963, originally classifying each of them as a Construction Inspector I. Baer was promoted to Construction Inspector II in 1963 and to Construction Inspector III in 1970. During 1970, Sullivan was promoted to Construction Inspector II and then to Construction Inspector III. In 1978, because of insufficient work, the department first bumped both of them down to Construction Inspector II and then furloughed them, according to the appeal letter.

In May 1979, the department recalled them on a temporary basis to do the same work that they had done as Construction Inspectors II, and then, according to the appeal allegations, again furloughed them December 31, 1979.[1]

In April, 1980, the department again recalled them for temporary employment to do the same work they did as Construction Inspectors II, and, in November, 1980, they were again "laid off" because of insufficient work.

Asserting that such November, 1980 termination was in violation of the Civil Service Act (Act),[2] the appeal to the commission, under Section 951(a),[3] contends that they were improperly furloughed because they have more seniority[4] than other employees who continued to be employed by the department as construction inspectors. The Commission denied their requests for hearings on the ground that their "removal" was merely the expiration of periods of temporary employment and not personnel actions which can be appealed under the Act.

Section 951(a) provides, in pertinent part that, "[a]ny regular employe in the classified service may

---

[1] The Commission allegedly dismissed appeals from the 1978 furloughs because of lack of jurisdiction and from the 1979 furloughs because not timely filed. Accepting the averments, the non-pursuance of appeals apparently did not result in final removals so as to end the pre-existing status.

[2] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §§741.1-741.1002.

[3] 71 P.S. §741.951(a).

[4] Section 809 of the Act, 71 P.S. §741.809, provides:
Seniority is established for each class in which an employe holds or has held civil service status. Senority in each class begins with the date of first civil service employment in that class and includes periods of subsequent employment (civil service or provisional) in other classes in the same or higher grade.

... appeal ... to the Commission ... [a]ny permanent separation, furlough or demotion ... on the grounds that such action has been taken in his case in violation of the provisions of this act.''[5] Only regular employees, as defined by Section 741.3(k) of the Act,[6] can bring appeals under Section 951(a). *Hunter v. Jones*, 417 Pa. 372, 207 A.2d 784 (1965). Section 741.3 (k) provides:

'Regular employe' means an employe who has been appointed to a position in the classified service in accordance with this act after completing his probationary period.

Allegedly, these employees were in the classified service, they had successfully completed their probationary periods, they were never permanently separated from the classified service, and all of the layoffs were due to insufficient work. These layoffs are alleged to have been furloughs,[7] not removals;[8] a furlough is a temporary separation.[9] We find no provision of law or decision which suggests that a furlough ends regular employee status.

---

[5] The section has clearly been punctuated incorrectly as it appears in the pamphlet laws. The first sentence and the second sentence to "this act" constitute one sentence, as we have set it forth in the text.

[6] 71 P.S. §741.3k.

[7] Section 3(s) of the Act, 71 P.S. §741.3s, provides:

'Furlough' means the termination of employment because of lack of funds or of work.

[8] Section 3(v) of the Act, 71 P.S. §741.3v, provides:

'Removal' means the permanent separation from the classified service of an employe who has been permanently appointed.

[9] Section 801 of the Act, 71 P.S. §741.801 provides:

An employe may be temporarily separated from the classified service through furlough, leave of absence or suspension and may be permanently separated through rejection on probation, retirement, resignation or removal.

· The specific issue is: Do regular employees lose their status as regular employees for tenure purposes under Section 951(a) when they accept temporary employment?

The department asserts that Sullivan and Baer were recalled to "temporary positions"[10] and that, although the work lasted for more than six months and was the same work as they had done as Construction Inspectors II, the positions did not become "permanent positions."[11] Because the "positions" held by employees were "temporary", the department contends that there is no standing to appeal under Section 951 (a), citing *Shapiro v. Commonwealth of Pennsylvania, State Civil Service Commission*, 12 Pa. Commonwealth Ct. 121, 315 A.2d 324 (1974).

The department has confused the nature of the job with the status of the employee. The permanent or temporary nature of the job does not affect the status of the employee who fills it. If an employee has regular employee status, that employee has standing to appeal under Section 951(a).

In *Shapiro,* the employee was originally hired as an emergency appointee. After thirty days he was given provisional status, under Section 604 of the Act,[12] which provides that provisional appointments cannot exceed six months in any 12-month period, but, in violation of that limitation, he remained in a provisional status for almost two-and-a-half years. His status

---

[10] Section 3(i) of the Act, 71 P.S. §741.3i, provides:

'Temporary position' means a position in the classified service which arises out of temporary pressure of extra work and is likely to continue for a period of less than six months

[11] Section 3(h) of the Act, 71 P.S. §741.3h, provides:

'Permanent position' means a position in the classified service which is likely to be needed continuously for a period of six months or more.

[12] 71 P.S. §741.604. There was no six-month test period involved here.

then became probationary under Section 603.[13] He was dismissed during the probationary period. He contended that, when he was retained in the provisional status beyond the permissible period, he automatically became a regular employee. Finding no provision in the law which converted his status to that of a regular employee, we rejected that argument, concluding that the employment in the provisional status beyond the six month limit was contrary to law and de facto only.

In *Hunter,* the Supreme Court had said that the legislature intended to preclude employees who had not yet emerged from probationary status from appealing under Section 951(a).

However, the employees here were not provisional employees under Section 604, nor were they probationary employees under Section 603. Furthermore, the recalls were not emergency appointments under Section 606.[14]

Although the facts are distinguishable, the reasoning in *Shapiro* is applicable here—the employe's status is controlling, not the duration of the work. Nothing in the Act converts these regular employees to a hybrid temporary employee status. And any regular employee is entitled to appeal any termination under Section 951(a).

Accordingly, we reverse the orders of the Commission and remand for hearings to determine whether the allegations are true, by considering testimony and records, and for the making of findings and conclusions and a decision.

### ORDER IN 696 C.D. 1981

Now, March 18, 1982, the order of the State Civil Service Commission at Appeal No. 3358 dated February 19, 1981, denying Robert Sullivan a hearing, is

---

[13] 71 P.S. §741.603.
[14] 71 P.S. §741.606.

388

reversed, and the case is remanded for hearing and consideration in accordance with the opinion of this court.

ORDER IN 697 C.D. 1981

Now, March 18, 1982, the order of the State Civil Service Commission at Appeal No. 3359 dated February 19, 1981, denying Carl Baer a hearing, is reversed, and the case is remanded for hearing and consideration with the opinion of this court.