Marven M. Brenner *v.* C. Herschel Jones, Chairman, Mary Dilworth Barnes and John A. McCarthy, members of the State Civil Service Commission, Commonwealth of Pennsylvania.

348

Argued January 5, 1971, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Daniel H. Shertzer*, with him *Ralph D. Tive, Baskin, Boreman, Sachs & Gondelman*, for appellant.

*Reynold J. Kosek*, Assistant Attorney General, with him *Fred Speaker*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 3, 1971:

This is an appeal from an adjudication and order of the State Civil Service Commission dated May 15, 1969, which in effect dismissed the appeal of Marven M. Brenner, appellant, from his demotion by the Department of Highways as a probationary Real Estate Specialist IV to his prior position as a Real Estate Specialist III.

The facts in the record clearly show that the appellant, because of his exceptionally good employment record in the Pennsylvania Department of Highways for a period of more than 12 years, had received two promotions within the period of three months. His last promotion became effective December 7, 1967, and the

letter advising him of his promotion clearly states that his appointment was subject to a probationary status for a period of nine months. The letter of appointment advised the appellant that during the probationary period ". . . the nature of your work will be followed and evaluated to find out whether you are eligible in the eyes of your supervisors to be appointed to a permanent status in your new classification."

On June 7, 1968, appellant was orally removed from his duties as a Real Estate Specialist IV and returned to his duties as a Real Estate Specialist III, from which he had been promoted. Thereafter, the appellant, upon making inquiry of the Civil Service Commission concerning his rights to an appeal, was advised that no formal action had been taken by the appointing authority. On September 12, 1968, the appellant was sent a formal notice of his demotion to become effective September 26, 1968. He had been paid under the higher classification to that later date.

The September 12, 1968 letter gave as the reason for the demotion ". . . inability to perform the administrative and supervisory responsibilities required of a Real Estate Specialist IV." The letter then cited as examples of his behavior three incidents involving the appellant: (a) that during a banquet appellant had asked questions of a speaker concerning an incident related to the appellant's father (but not specifically related to the Department of Highways), and that this question was embarrassing to the Department of Highways; (b) during a safety meeting held in conjunction with the Department's safety program appellant had criticized the Department's district safety advisor and made other statements which were embarrassing to the only female employe present at the meeting; and (c) that the appellant had ordered protective eye equipment for an employe which order was not justified. It should

be noted further that at the hearing before the Civil Service Commission there was an additional reason disclosed; the approval by the appellant of certain parking charges, the stubs for which indicated that State employes under appellant's supervision had been permitted to leave work before the set quitting time.

The appellant argues that his demotion was based upon the statements he made rather than his actions and demeanor, and that this violated his constitutional rights.

We must first determine the status of appellant's employment with the Commonwealth between December 7, 1967, and September 26, 1968. Article VI of the Civil Service Act deals with the Appointment and Promotion of Employes in the Classified Service (71 P.S. §741.603 et seq.) and states, "No appointment to a position in the classified service shall be deemed complete until the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the Commission and shall in no case be less than six months or more than eighteen months." Probationary period is defined as "a preliminary period of employment prior to permanent appointment of an employe for the purpose of determining his fitness for permanent employment" (741.3(15)(t)).

Article VIII of the Civil Service Act addresses itself to Separation of Employes from the Classified Service, and at 71 P.S. 741.804(a), dealing with Rights of promoted employe during probationary period, states, "If the probationary period has resulted from a promotion, such removal shall not be from the classified service. A classified employe so removed during a probationary period, resulting from promotion, shall have the right to and shall be returned to the position or class held immediately prior to such promotion without necessity of appeal or hearing."

The statute, at 71 P.S. 741.603, aids us further in the disposition of this appeal.

"At such times during the probationary period, and in such manner as the director may require, the appointing authority shall report to the director his observations of the work of the employe and his judgment as to the willingness and ability of the employe to perform his duties satisfactorily and as to his dependability. At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service." This particular section sets forth the standard that is to be employed by the appointing authority in evaluating the probationary promotee.

It would appear then that under the statute and the letter of appointment appellant was a probationary employe whose performance in his promoted job classification was subject to the scrutiny of his superiors. It is also clear to us that the appointing authority, through appellant's supervisors, had the authority to make a determination that the appellant was not qualified for the promoted position. So long as that determination was not based upon any of the discriminatory actions set forth in Section 25 of the statute (71 P.S. 741.905(a)) and could be sustained in a test of that determination through the appeal provisions of the law (71 P.S. 741.951), the action of the appointing authority should be sustained.

The Pennsylvania Supreme Court has set guidelines for a reviewing court in these cases.

"On appeal from the order of dismissal from a position under the legislative civil service, the Supreme Court's scope of review is in the nature of narrow cer-

tiorari." *O'Peil v. Pennsylvania State Civil Service Commission,* 424 Pa. 151, 225 A. 2d 546 (1967). Such review is limited to: (1) questions of jurisdiction; (2) the regularity of the proceedings; (3) a determination as to whether or not the Commission exceeded its authority; and (4) a consideration of constitutional violations.

Under the facts as set forth in the record of this case, although the incidents alleged and proven by the Commission appeared to be picayune on the surface, nevertheless there is no way for this Court to determine those qualities which the Department of Highways believes are necessary for a person holding the supervisory position of Real Estate Specialist IV. Unless there is a showing in this record that there was some fraud perpetrated on this appellant or that somehow he was discriminated against, there is no way this Court can substitute its judgment for that of his superiors. Not only is there nothing in this record to indicate such fraud or discrimination, but the appellant does not even allege that to be the case. We rule that the Commission properly conducted the proceedings within its authority and jurisdiction.

The only real issue which has been presented by the appellant involves his allegation that the statements made by him at the two gatherings were the sole reason for his demotion; and that therefore the action taken by the Department of Highways violated his constitutional rights (Article I, Section 7 of the Pennsylvania Constitution and the First and Fourteenth Amendments of the United States Constitution) of freedom of speech.

If there was anything in this record which would indicate that the statements by the appellant, in and of themselves, were used as the sole basis for the demotion, then perhaps the appellant's argument would have

some merit. The Department of Highways never indicated anywhere in the record of this case that the words used by the appellant caused his demotion. The record is clear that it was the appellant's lack of self-discipline and self-control which caused the demotion during the probationary period.

Even if this Court accepts, as it does, that the statements of the appellant at these two gatherings were not derogatory to anyone or embarrassing to anyone and were not demeaning of the Department of Highways in any way, the fact remains it was the appellant's attitude and inability to perform as deemed necessary by his superiors for the position that caused his downfall.

As is already noted, this Court has no way to determine the attitude, demeanor and judgment of an employe in the Department of Highways. The Court is not the appellant's superior to make a determination of his fitness for a promotion based upon his daily work. Only his superiors in the Department of Highways can do that. If the Department had said that this appellant was demoted because of what he said or because he violated a prohibition against saying it, then there would be a serious constitutional question. This is not the case in this matter. A review of this record leads us to the conclusion that the State Civil Service Commission based its adjudication and order upon substantial evidence, and in accord with the applicable law, and therefore its adjudication and order are affirmed.