## Humphreys *v.* Civil Service Commission.

Argued September 8, 1972, before Judges CRUM-LISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Emerson G. Hess,* for appellant.

*J. Justin Blewitt,* Deputy Attorney General, with him *James J. Morley,* Assistant Attorney General, for appellee.

*Feldmann and Ciotola, Joseph D. Shein, Shein, Mele & Brookman, Morton Fromm, John J. Dunn* and

*James W. Reynolds,* for amicus curiae, Pennsylvania Joint War Veterans Council.

OPINION BY JUDGE KRAMER, February 23, 1973:

This is an appeal from an Order of the State Civil Service Commission (Commission) dismissing the appeal of David J. Humphreys (Humphreys) from his termination of service as an "Appeals Referee I, provisional status," by the Secretary of Labor and Industry (appointing authority), effective at the close of business December 1, 1971.

Humphreys was appointed a *provisional* Appeals Referee I with the Bureau of Employment Security, Department of Labor and Industry of the Commonwealth on January 15, 1970. During the period of almost two years in which he was employed in that capacity, he was rated by his superiors on the required performance evaluation reports as being "very good" to "excellent." During the spring of 1971, the Commission held an examination for eligibility for appointment, in the classified service, to the position of "Appeals Referee I," and on October 1, 1971, published a certification of eligibility list in accordance with the results of the examination. On the date of the list, there were two such positions available in Administrative District Seven.

The record clearly shows that when Humphreys was first appointed, he resided in District Seven and during most of his term of service, was in residence there. However, at the time of the examination and at the time of the certification of the eligibility list for District Seven, he had become a resident of District Five.

The eligibility list for District Seven listed the names of three successful candidates who resided in the district, and thereafter listed "Names From Other Administrative Districts . . ." under which the name of Humphreys appears.

The appointing authority selected the first, or top, name on the eligibility list (Stonage) who was appointed to the position of Appeals Referee I, probationary status in the classified service. Stonage had also been a provisional appointee to that same position prior to his selection. As hereinbefore mentioned, at the time of these events, there were two openings for appointments to the position of Appeals Referee I. The second appointment was given by the appointing authority to a man named Murray, who was listed below Humphreys' name on the eligibility list, but under a different subtitle, viz. "Informal Names." In the Murray appointment to Appeals Referee I, the appointing agency did not create a second eligibility list, but rather, followed a procedure established by the rules of the Commission (4 Pa. Code 95.7(b)(3)) under which vacancies are filled by appointment of probationary or regular employes already within the classified service, whose names appear on the eligibility list.

Humphreys was notified by the Commission that he was "not within reach for a Civil Service appointment" and therefore, was advised of the termination of his service as an Appeals Referee I. Thereafter, Humphreys filed a timely appeal under Section 951 of the Civil Service Act, Act of August 5, 1941, P. L. 752, 71 P.S. §741.951. Hearings were held before the Commission, resulting in an adjudication and the Order from which this appeal was taken.

Humphreys has presented three issues to this Court. First, he contends that the Veterans Preference Act is unconstitutional as being in violation of both the Pennsylvania and United States Constitutions. Secondly, he contends that the second (Murray) appointment was illegal for the reason that it was a promotional appointment made while there was no promotional list; and lastly, he contends that his disqualification by reason of residence was improper.

Initially, in passing, we note that Section 951(c) of the Civil, Service Act, 71 P.S. §741.951(c) provides that "[a]ll final decisions of the commission shall not be reviewable by any court." Nonetheless, the issues raised by Humphreys are proper subjects within the scope of appellate review with regard to Civil Service matters. We have held in the case of *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A. 2d 368 (1971), that Section 47 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.47, provides for an appeal to this Court and supersedes the negative language in the Civil Service Act. Our scope of review, in light of the issues raised by Humphreys, is to determine whether the Commission committed an error of law or violated Humphreys' constitutional rights. *See Department of Transportation v. State Civil Service Commission*, 5 Pa. Commonwealth Ct. 263, 290 A. 2d 434 (1972) ; *Brenner v. Jones*, 1 Pa. Commonwealth Ct. 347, 274 A. 2d 773 (1971).

Humphreys arduously argues for the constitutionality of the Veterans Preference Act, Act of May 22, 1945, P. L. 837, as amended, 51 P.S. §492.1, et seq. However, before it becomes necessary for us to address ourselves to the constitutionality of veterans' preferences, it is essential to Humphreys' argument that the residence requirement be found unconstitutional. For, if the residence requirement is valid, Humphreys would remain on the additional or supplemental district list, and still would not have been considered for the position, regardless of the constitutionality or unconstitutionality of the Veterans Preference Act.

Section 501 of the Civil Service Act, 71 P.S. §741.- 501, states in pertinent part that: "Persons applying for positions or promotions in the classified service shall be citizens of the United States and *residents* of the Commonwealth *and where applicable, of the admin-*

*istrative district."* (Emphasis added.) The law is firmly settled in this Commonwealth that the burden of showing that a legislative or administrative classification is arbitrary and discriminatory is upon the party making the allegation. The legislation will be presumed valid and the burden required of the one challenging the legislation is a very heavy one. *See Philadelphia v. Depuy,* 431 Pa. 276, 244 A. 2d 741 (1968) ; *Pennsylvania Public Utility Commission v. Stiely,* 429 Pa. 614, 241 A. 2d 74 (1968) ; *Bortz Coal Co. v. Commonwealth,* 2 Pa. Commonwealth Ct. 441, 279 A. 2d 388 (1971) ; *Heller v. Depuy,* 2 Pa. Commonwealth Ct. 196, 277 A. 2d 849 (1971).

In the case of *Rubin v. Bailey,* 398 Pa. 271, 157 A. 2d 882 (1960), our Supreme Court stated: "In considering the constitutionality of a statute several basic and imperative rules are to be kept clearly in mind. First of all, the Statutory Construction Act of 1937 admonishes 'That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth': Act of May 28, 1937, P. L. 1019, Art. IV, §52(3), 46 P.S. §552(3). Thus, a legislative enactment is attended by a legal presumption of its constitutional validity. In Hadley's Case, 336 Pa. 100, 104, 6 A. 2d 874, it was said to be '. . . axiomatic that he who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so. . . . All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them.' Of course, the presumption of constitutionality is not conclusive but the requirements for rebutting it are indeed exacting. Consequently, ' ". . . we can declare an Act of Assembly void, only when it violates the Constitution *clearly, palpably, plainly*; . . ." ' : Tranter v. Allegheny County Authority, 316 Pa. 65, 75, 173 A. 289, quoting Sharpless v. Mayor of Philadelphia, 21 Pa. 147, 164.

As was more comprehensively stated in Kelley v. Baldwin, Auditor General, 319 Pa. 53, 54, 179 A. 736, 'An Act may not be declared unconstitutional unless "it violates the constitution *clearly, palpably, plainly;* and in such manner as to leave *no doubt* or hesitation in our minds." ' . . ." (Emphasis in original.) 398 Pa. at 275-276, 157 A. 2d at 884.

Humphreys attempts to bear his heavy burden by asserting that he lived outside the district which he served as a provisional Appeals Referee, and that he managed to achieve a better than average work evaluation. While this fact certainly bears on the reasonableness of the classification, standing alone, it is not sufficient to meet the heavy burden required of him. Unfortunately, Humphreys mentions almost as an afterthought that the classification is irrelevant to the duties of the job, since a referee is not restricted to hearing cases in the district of appointment, but he does not offer a convincing argument in this regard.

The Commonwealth, on the other hand, contends that Appeals Referees are assigned to a specific district and hear claims which for the most part are held within that district, concerning individuals who for the most part reside in the same district. By failing to present more evidence on this point, we must conclude that Humphreys has failed to meet the burden of proof necessary to find the classification unconstitutional. In passing, we note that the Pennsylvania Supreme Court, in the case of *Jones v. Kulpmont Borough School District*, 333 Pa. 581, 3 A. 2d 914 (1939), has stated that a reasonable residence regulation may be sufficient ground for dismissal.

We hold that the language of Section 501 grants to the Commission the discretion to establish the requirement that appointees be residents of the district wherein the appointment is to be made. In this case, Humphreys patently discloses that he is not a resident of

District Seven. The Commission determined that it was proper for the appointees to be residents of the same district. Therefore, the Commission did not abuse its discretion or commit an error of law by upholding the appointment of Stonage to the first vacancy. As a matter of fact, the Commission would have committed reversible error if it had permitted the appointment of Humphreys over the appointment of the three men whose names appeared on the eligibility list for District Seven. Having concluded that the residence requirement is reasonable and that Humphreys has not met the burden of proof necessary to invalidate the statute, we conclude that it is unnecessary for us to address ourselves to Appellant's allegations of unconstitutionality with respect to the Veterans Preference Act in regard to the first (Stonage) vacancy.[1]

Focusing on the second appointment (involving Murray), it is important to note that the issue involved a promotion. Humphreys offers two challenges to this appointment. First, he urges that Section 501 of the Civil Service Act, 71 P.S. §741.501 provides specific procedures for promotion. That section provides in part: "As far as is in the judgment of the commission consistent with the best interests of the Commonwealth, vacancies shall be filled by promotion. The commission may limit competition in promotion examinations to employes in the classified service who have completed their probationary period in a class or classes designated in the public notice of the examinations, and may permit promotions to be accomplished by any one of the following plans: (1) by appointment from open competitive lists; or (2) by achieving a place on an eligible list after a promotional examination, such examination having been given at the request of the ap-

---

[1] This issue was fully covered in the case of *Williams v. Civil Service Commission*, not yet reported, but filed simultaneously with this opinion.

pointing authority; or (3) by promotion based upon meritorious service and seniority to be accomplished by appointment without examination, if (i) the person has completed his probationary period in the next lower position, (ii) he meets the minimum requirements for the higher position, and (iii) he receives the unqualified recommendation of both his immediate superior and the appointing authority of his department or agency." The approach under Section 501, apparently in question, provides that promotions may be made by appointment from open competitive lists. 4 Pa. Code 95.7(b)(3) provides that only regular or probationary employes already within the classified service shall be considered for such promotions. Humphreys contends that, since Section 501 itself does not specifically eliminate provisional employes from consideration, Rule 95.7(b)(3) must be ultra vires, and that he should have been considered on the "informal promotional list." Humphreys' argument fails to take into account Section 604 of the Act, 71 P.S. §741.604, concerning provisional appointments. That section in pertinent part states: "The acceptance of the provisional appointment shall not confer upon the appointee any rights of a permanent tenure, transfer, *promotion* or reinstatement." (Emphasis added.) *See also Lusane v. Civil Service Commission,* 5 Pa. Commonwealth Ct. 642, 291 A. 2d 808 (1972), wherein this Court discussed the rights of provisional employes. This section, when read with Section 501, supports the Commission's position that Humphreys could not be considered on the informal promotional list. The Legislature may authorize an agency to carry out the general legislative intent through reasonable rules and regulations, and it has done so in Section 203 of the Civil Service Act, 71 P.S. §741.203. Rule 95.7(b)(3) comes within that legislative intent, and is reasonable.

Secondly, with regard to the Murray appointment, Humphreys alleges that the failure to consider him because he was a provisional employe constitutes a violation of his constitutional rights. As stated previously with regard to the Stonage appointment, the burden of proof upon one alleging unconstitutionality is a heavy one. One does not meet that burden by merely nakedly stating that it is, in fact, unconstitutional. With regard to this particular challenge, Humphreys has done no more than state that the failure to consider him because he was a provisional employe is unconstitutional, and therefore we must conclude that he has failed to meet the necessary burden of proof to support his allegation.

In summary then, we hold that it was not an abuse of discretion, nor an error at law, for the appointing authority to have chosen an eligible candidate residing within the administrative district wherein the appointment was made, thereby ignoring Humphreys who lived outside the administrative district, nor was it an error to appoint Murray by way of the promotional route within the classified service, as permitted by the statute and regulations, thereby ignoring Humphreys who was not eligible for consideration under such promotional route. In view of this holding, it is not necessary for this Court to pass upon the constitutional issues concerning veterans' preference, which were raised by Humphreys, because they have no bearing upon the termination of his service as a provisional employe.

We recognize that one of the conclusions of law made in the adjudication of the Commission states that the two appointments which were made are in accordance with the Veterans Preference Act; however, this conclusion was not necessary for the disposition of the case. Whether veterans' preference was utilized in the appointments of Stonage and Murray is not relevant to the issues concerning whether Humphreys was properly

576

ignored under the facts of this case. Whether Humphreys should have been appointed in Administrative District No. 5, where he resides, has not been presented to this Court. As a provisional appointee, his service was subject to termination upon the establishment of an appropriate eligibility list and the certification made therefrom.

In light of the foregoing, we affirm the Order of the Civil Service Commission dated April 20, 1972.