## Ogasawara *v.* Civil Service Commission.

Argued May 7, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Clarke F. Hess,* with him *Butera and Detwiler,* for
appellant.

*Cecil Maidman,* Assistant Attorney General, with
him *Michael von Moschzisker,* Deputy Attorney Gener-
al, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 13, 1973:

On November 13, 1972, the State Civil Service Com-
mission (Commission) issued an adjudication restoring
Dr. Ikuko Ogasawara (Dr. Ogasawara) to her position
with the Department of Public Welfare (Department)
as a Psychologist I, regular status, at the Pennhurst
State School and Hospital (Pennhurst). Dr. Ogasa-
wara was granted full back pay and emoluments from

December 30, 1971 to May 5, 1972. She has appealed to this Court, however, from the Commission's failure to award back pay from September 7, 1971 to December 30, 1971. No appeal has been taken by the Department from the Commission's action in restoring Dr. Ogasawara to her position.

During August of 1971 it appears that Dr. Ogasawara had been unable to work because of illness, and that she requested a leave of absence without pay with the understanding that her position be held vacant until her return. On September 1, 1971, Pennhurst notified Dr. Ogasawara that it would grant a leave of absence if she completed and returned an enclosed form, but that it could not agree to hold her position vacant pending her return. Dr. Ogasawara failed to return the form, and Pennhurst notified her on September 7, 1971 that she was considered to have voluntarily resigned. On September 9, 1971, Pennhurst further notified Dr. Ogasawara, however, that she was being dismissed from her position because of unauthorized absences therefrom. When Dr. Ogasawara immediately began a departmental grievance procedure, these notices of dismissal were apparently "withdrawn" by the Department, but Dr. Ogasawara received no official notice of such action, nor did she return to employment. Eventually a grievance panel did decide that the letters received by Dr. Ogasawara were not in accord with proper procedures.

While the grievance procedure was in process, Dr. Ogasawara received another letter, dated January 6, 1972, notifying her that because she had failed to furnish a statement to Pennhurst from her doctor indicating the date by which she could return to work she was deemed to have abandoned her position and was consequently removed therefrom effective December 30, 1971. This removal was appealed to the Commission, which

issued an interim adjudication on May 5, 1972 ordering Dr. Ogasawara restored to her position but on leave without pay pending the resolution of her grievance. Then, on November 13, 1972, the Commission issued the adjudication which is the subject of this appeal: i.e., which restored Dr. Ogasawara to her position with back pay from December 30, 1971 to May 5, 1972.

Our scope of review in an appeal from the Commission is to determine (1) whether the Commission committed an error of law or violated constitutional rights and (2) that any finding of fact necessary to support the adjudication is supported by the evidence. *Humphreys v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 566, 301 A. 2d 400 (1973) ; *Ricker v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 329, 300 A. 2d 293 (1973).

We must first note that the appeal before the Commission was taken only from the letter of January 6, 1972, which dismissed Dr. Ogasawara, and that the Commission did award back pay beginning with the effective date of that dismissal, December 30, 1971. We doubt that the Commission would have had any authority to grant back pay for events occurring prior to the date of the removal from which the appeal was taken, for it was rightly concerned solely with the removal effective December 30, 1971.

In any case, the Commission's authority to grant back pay is in Section 951(a) of the Civil Service Act, Act of August 5, 1941, P. L. 752, 71 P.S. §741.951(a), which provides, *inter alia*: "If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission may in its discretion order." *See Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A. 2d 427 (1973). Even if the Commission had the authority to award addition-

al back pay, therefore, we find no evidence that it abused its discretion in failing to make such an award for the earlier period from September 7, 1971 to December 30, 1971. It is abundantly clear from the record, as the grievance panel pointed out, that "errors of commission and omission were prevalent on both sides. . . ." The Commission's final adjudication seems to us to have been made in a genuine effort to do substantial justice both to the claimant here and to the Department.

For the above reasons, therefore, we issue the following

### ORDER

Now, June 13, 1973, the order of the Civil Service Commission of November 13, 1972, restoring Dr. Ikuko Ogasawara to her position of Psychologist I, regular status, with full back pay and emoluments from December 30, 1971 to May 5, 1972, is hereby affirmed.