620 A.2d 683

**Nancy W. WYDRA, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Jan. 29, 1993.

Petition for Allowance of Appeal Denied Aug. 13, 1993.

Steven J. Schiffman, for petitioner.

Robert M. Miller, Asst. Counsel, for respondent.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Nancy W. Wydra (Petitioner) petitions for review of a decision of the State Civil Service Commission (Commission) that dismissed her appeal and sustained the action of the Pennsylvania Department of Public Welfare (DPW) in furloughing her. The scope of our review of a Commission decision is to determine whether there was a constitutional violation or an error of law and whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McGuire v. Department of Aging*, 140 Pa.Commonwealth Ct. 378, 592 A.2d 830 (1991).

In January of 1991 the Secretary of Administration of the Commonwealth informed all agencies under the jurisdiction of the Governor that it would be necessary to downsize because of budget restrictions. He directed them to review their organizations and to make recommendations for furloughs. The Director of DPW's Bureau of Hospital and Outpatient Programs concluded that two Medical Assistance Program Specialist Supervisor (MAPSS) positions be abolished. One of the twenty-eight employees in the furlough unit was a probationary employee who was returned to his former classification, leaving one furlough to be made from among the remaining twenty-seven.

By letter of February 13, 1991, DPW informed Petitioner, who was then an MAPSS, that she was to be furloughed at the end of the month. Pursuant to a collective bargaining right Petitioner bumped into a position at a lower classification. She appealed the furlough to the Commission pursuant to Section 951(a) of the Civil Service Act (Act),[1] contending that it violated Section 802 of the Act, 71 P.S. § 741.802.

Section 802(a) provides in part:

1. Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.951(a). Under Section 951(a) any regular employee of the classified service may appeal to the Commission any permanent separation, suspension for cause, furlough or demotion on the grounds that the action was taken in violation of the Act. The burden of establishing a prima facie case

An employe shall be furloughed only if at the time of furlough, the employe is within the lowest quarter among all the employes of the employer in the same class on the basis of their *last regular service ratings,* and within this quarter the employe shall be furloughed in the order of seniority .... (Emphasis added.)

The regulation at 4 Pa.Code § 99.13 provides that "performance evaluation reports [PERs] shall be completed at least once each year, unless a different schedule is approved by the [Executive Director of the Commission]." Further, 4 Pa.Code § 101.1(d) requires that the last annual or probationary evaluations be converted to categories or relative ranks, and that employees in the lowest quarter be subject to furlough first.

Detailed procedures for furloughs are set forth in the Commission's rules in Management Directive (MD) 580.17. MD 580.17(2)(a)(3) provides, "All regular status employes in the furlough unit and class must be ranked from high to low, based on the overall evaluation appearing in their most recent, required annual or probationary PER, to determine who are in the lowest quarter for furlough purposes." MD 580.17(2)(b) provides, "Annual or probationary PERs that are due on or before the effective date of furlough action must be completed and used in the determination of numerical scores. Those due after the effective date of furlough action should not be used for this purpose." Pursuant to MD 580.17(2)(c), interim PERs are not to be used for furlough purposes. Under MD 580.-17(2)(d), "When no PER dated within the previous 15 months is available for the present class of the regular employe, such as in the case of return from leave of absence, reinstatement or demotion, a current PER will be prepared. Such evaluations shall not be considered interim reports." Finally, MD 580.17(e) provides, "When the most recent, required PER is not valid or has not been completed, the affected employe's performance will be considered to be equal to that of the

rests on the appointing authority in a Section 951(a) appeal. 4 Pa.Code § 105.15(a).

employe with the highest evaluation." [2]

By letter of February 4, 1991, the Director of Personnel of DPW requested the immediate forwarding from Deputy Secretaries, Office and Bureau Heads of completed PERs not yet forwarded and the completion of any PERs due but not yet completed at that time. Petitioner's Exhibit AP–3; Petitioner's Brief Appendix B. Nevertheless, PERs dated within the last fifteen months were not available for ten of the twenty-seven employees in the furlough unit when the furlough determination was made. DPW applied MD 580.17(2)(e) and assigned those ten employees ratings equal to the highest in the unit. As a result, Petitioner was furloughed.

The Commission's majority opinion sustaining the action of DPW and dismissing the appeal states that DPW's actions are consistent with the language of MD 508.17. In a concurring opinion, Chairman Barnett does not condone DPW's failure to complete timely PERs but recognizes that this is not an unusual occurrence in state agencies. She states that an agency cannot be penalized for following the Commission's rules. Commissioner Kury, in dissent, notes the clear intent of Section 802(a) of the Act is that furloughs be based primarily on PERs, thereby protecting better employees and promoting the concept of merit. She notes also that the regulations require that PERs be prepared annually and be used in a furlough situation, and she concludes that DPW's interpretation of MD 580.17(2)(e) renders annual PERs optional and invites manipulation. In her view MD 580.17(2)(e) applies only where no PER is available for reasons beyond the employee's or appointing authority's control, e.g., an employee's absence on military or medical leave or a supervisor's absence during much of the rating period, such that a timely and reasoned PER cannot be completed. She notes the likelihood of a different outcome in this case, where ten employees automatically received the highest rating, if proper and complete PERs were available and considered.

2. Where a PER has not been prepared for more than twelve months, one is "due" under 4 Pa.Code § 99.13 and MD 580.17(b). Where a PER has been completed within the year preceding a furlough action, the next one is not due until after the furlough.

The question presented, then, is whether DPW erred in applying MD 508.17(2)(e) in these circumstances, rather than requiring the completion of PERs then due and using them as the basis for the furlough analysis.

■ Petitioner first argues that the requirement of Section 802(a) of the Act that proper PERs be used is mandatory; it does not state that they should be used when convenient. She cites *Williams v. Department of Transportation*, 79 Pa.Commonwealth Ct. 113, 468 A.2d 547 (1983), which emphasized the importance of proper PERs by invalidating a furlough determination based on a comparison of non-uniform PERs.

DPW responds that the requirements of MD 580.17(2)(d), for completion of PERs then due, and of MD 580.17(2)(e), for assignment of the highest rating if no PER is available, do not conflict, because the former concerns unavailability for reasons personal to the the employee, such as a leave of absence, whereas the latter applies to unavailability for other reasons, such as the failure of a supervisor to complete a PER. DPW contends that PERs completed after the announcement of an impending furlough should not be used in the analysis. It asserts that use of such PERs will encourage special consideration for individual employees.

DPW cites *Roetenberg v. Office of the Budget*, 121 Pa.Commonwealth Ct. 97, 550 A.2d 825 (1988), which it characterizes as holding that overdue PERs requested and completed after such an announcement can be used if a showing is made that the raters are not aware of the impending furlough. From that DPW infers that PERs completed with such knowledge "may not be acceptable." In *Roetenberg* two furloughed employees had contended, among many other challenges, that their furlough process was suspect because PERs not already available were specifically requested. This court held simply that substantial evidence supported the Commission's finding that the evaluators were not aware of the impending action, and therefore the request did not taint the process. Although taint is certainly a concern in a furlough situation, *Roetenberg* does not hold that PERs completed after an announcement (in accordance with MD 580.17(2)(b) and (d)) are per se tainted.

DPW also cites *Bertolino v. Department of Transportation,* 32 Pa.Commonwealth Ct. 516, 379 A.2d 1078 (1977). There an employee argued that a PER prepared in January but signed by him (and so "effectuated") on February 5, after his furlough notice on February 2, should have been used, rather than the one from the prior December. We affirmed the Commission's order sustaining the furlough because, at the time of notification of furlough, the earlier PER was the most recent regular service rating within the meaning of Section 802(a) of the Act. *See* n. 2. In that case (which had been decided before the current amendment of the Commission's furlough rules in 1987) the PER was completed after the actual furlough determination, not merely after an announcement of an impending furlough.

Petitioner responds to DPW's argument concerning the possibility of special treatment by noting that it is a double-edged sword. Under DPW's interpretation of MD 580.17, a supervisor wishing to protect an individual for whom a current PER is not available need do nothing at all, thereby guaranteeing the highest rating. DPW's assertion that a supervisor desiring to manipulate the process can accomplish more by completing a PER is not persuasive—conferring the highest rating by doing nothing obviously protects an employee that a rater wishes to favor.

In our view Commissioner Kury's dissenting analysis reflects the more persuasive and reasonable interpretation of MD 508.17. Although the time between the initiation and completion of the furlough process was relatively short in this case—approximately one month—DPW does not claim that it was unrealistic or impossible to complete all necessary PERs if it sought to so direct. The concurring opinion and DPW's brief both stress that the Commission's rules establish no penalty for failure to comply with the requirement of an annual PER. But the absence of any administrative nudge or penalty does not mean that the specific directives of Section 802(a) of the Act, 4 Pa.Code §§ 99.13 and 101.1(d) and MD 580.17 can be ignored, especially where the likely result is great detriment to an employee. Where proper and timely

evaluation procedures are not burdensome, we refuse to approve any position founded on the proposition that the agency lacks the capacity to assure that its personnel comply with the law.

We hold that MD 508.17(2)(e) is only applicable where, due to reasons beyond the control of an appointing authority—e.g., the absence of an employee on medical or military leave or the absence of a supervisor during a significant portion of the the rating period—a timely and reasoned evaluation has not been and cannot be completed. In the present circumstances, DPW's furlough of Petitioner failed to comply with Section 802(a) of the Act and applicable provisions of regulations and MD 580.17. Petitioner's appeal under Section 951(a) of the Act is sustained.

## ORDER

AND NOW, this 29th day of January, 1993, the order of the State Civil Service Commission at Appeal No. 9735, dated March 25, 1992, is reversed, and the appeal of Nancy W. Wydra is sustained. This matter is remanded to the Commission with instructions to order the reinstatement of Nancy W. Wydra and to fashion such other remedies as may be appropriate in view of her particular circumstances, pursuant to Section 952 of the Civil Service Act, 71 P.S. § 741.952.

Jurisdiction is relinquished.