Pamela E. **PLETZ**, Petitioner,

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1995.

Decided July 19, 1995.

Publication Ordered Sept. 15, 1995.

Gary L. Rothschild, for petitioner.

Patrick H. Bair, Assistant Counsel, for respondent.

Before McGINLEY and NEWMAN, JJ., and RODGERS, Senior Judge.

NEWMAN, Judge.

Pamela E. Pletz (Pletz) appeals from an order of the State Civil Service Commission (Commission) determining that the Department of Environmental Resources (DER) was not required to compensate her for a period of time when she was on sick leave. We affirm.

Pletz, a civil servant, was furloughed by her employer, DER, on February 28, 1991 because of lack of work. Pletz appealed her furlough to the Commission on March 5, 1991. While her appeal was pending, Pletz secured a position with the Department of Public Welfare (DPW). On September 19, 1992, Pletz requested, and was granted, permission by DPW to take sick leave without pay.[1] Pletz remained on sick leave until February 27, 1993.

---

1. During this period, Pletz still received her DPW health benefits.

By order dated March 29, 1993, the Commission sustained Pletz's appeal, determining that she had been improperly furloughed.[2] The Commission directed DER to reinstate Pletz to her previous job and further ordered DER to pay Pletz back wages less wages received at any other job. Pletz declined DER's offer of reinstatement. On December 14, 1993, DER calculated Pletz's back wages to be $51,782.15.[3] The $51,782.15 did not include any compensation for the period that Pletz was on sick leave without pay, namely, the period from September 19, 1992 to February 27, 1993. After deducting outside earnings and unemployment compensation, DER issued Pletz a check in the amount of $13,751.65.

On December 27, 1993, Pletz filed a petition for enforcement with the Commission, contending that DER should have compensated her for the period she was on sick leave. The Commission reviewed Pletz's petition at its February 1994 meeting. During the meeting, the Commission determined that in lieu of a hearing, the parties should submit briefs, detailing their arguments. The parties subsequently submitted briefs, and by order dated August 5, 1994, the Commission dismissed Pletz's appeal, concluding that DER complied with Commission's previous order directing it to pay Pletz's back wages. Pletz filed a petition for review with this court on September 2, 1994.

■ The sole issue presented for review is whether DER should have reimbursed Pletz for the period that she was on sick leave.[4]

Pletz initially submits that the Commission's order of March 29, 1993 clearly set forth that she was entitled to "wages and emoluments since the close of business on February 28, 1991 less wages earned and benefits received...." R.R. at 66a. According to Pletz, DER unilaterally altered the terms of the Commission's order by refusing

---

2. The Commission initially dismissed Pletz' appeal by order dated January 29, 1993. Pletz filed a motion for reconsideration in light of our opinion in *Wydra v. Department of Public Welfare*, 153 Pa.Commonwealth Ct. 202, 620 A.2d 683, *petition for allowance of appeal denied*, 535 Pa. 640, 631 A.2d 1011 (1993). The Commission subsequently granted reconsideration and found in favor of Pletz.

3. DER's calculation of Pletz' gross wages was computed as follows:

| Period | Description | Amount |
|---|---|---|
| 3/01 to 3/08/91 | 6 days @ $126.60 | $ 759.60 |
| 3/09 to 2/07/92 | 24 biweekly pay periods @ $1266.00 | $30,384.00 |
| 2/08 to 6/26/92 | 10 biweekly pay periods @ $1281.75 | $12,817.50 |
| 6/27 to 6/30/92 | 2 days @ $128.18 | $ 256.36 |
| 7/01 to 7/10/92 | 8 days @ $130.43 | $ 1,043.44 |
| 7/11 to 9/18/92 | 5 biweekly pay periods @ $1,304.25 | $ 6,521.25 |
| **9/19 to 2/27/93** | **Employee placed on Sick Leave Without Pay/ With Benefits** | $ 0.00 |
| TOTAL GROSS WAGES | | $51,782.15 |

Reproduced Record (R.R.) at 84a (emphasis supplied).

4. Our scope of review in an appeal from an administrative agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Code, 2 Pa.C.S. § 704.

to pay her for the period she was on sick leave. Pletz relies on *Ogasawara v. State Civil Service Commission*, 9 Pa.Commonwealth Ct. 354, 305 A.2d 734 (1973).

In opposition, DER contends that it omitted payment for the period of sick leave because Pletz voluntarily chose to take sick leave without pay. By Pletz taking such an action, DER argues that she made herself unavailable for work and, therefore, abrogated her right to back pay. We agree.

■■■ The Commission's order of March 29, 1993 provided that Pletz was to receive the difference between her DER wage and any wage received at a subsequent job. As in any legal action, Pletz, as a complainant, was required to mitigate her damages. Pletz complied with this principle after DER furloughed her when she secured a position with DPW. However, Pletz failed to comply with this principle when she voluntarily chose to take sick leave without pay. Once Pletz took such action, she made herself unavailable for work. Consequently, we hold that DER was not required to compensate her for this period.[5]

Pletz's reliance on *Ogasawara* is misplaced. In that case, we addressed the issue of whether the Commission erred in not granting Dr. Ogasawara back wages for a four month period predating her effective date of dismissal. Here, we are asked to address whether a civil servant is entitled to back wages, following an improper furlough, for a period that the individual was on sick leave without pay. Because the issues and facts in *Ogasawara* and the case presently before us are distinct, no rule of law can be drawn from *Ogasawara* that aids Pletz in this matter.

For these reasons, we affirm the order of the Commission.

5. In her brief, Pletz contends that she did not voluntarily elect to take sick leave without pay. Rather, Pletz maintains that she was forced to take such action because of her "extremely stressful position" with DPW. Pletz' brief at 14–15. According to Pletz, DER is to be blamed for the sick leave because had it not furloughed her, she never would have had to work for DPW.

## ORDER

AND NOW, July 19, 1995, we affirm the order of the State Civil Service Commission, dated August 5, 1994.

Even if we were to assume that Pletz did not voluntarily take sick leave, this fact is of no avail to her. DER cannot be blamed for DPW's work environment. If Pletz was working under abnormal working conditions, her remedy was with DPW, and not DER. Accordingly, we reject this argument.