**Diana R. PISANO, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.

Decided Oct. 13, 1995.

Steven J. Schiffman, for petitioner.

Patrick H. Bair, Assistant Counsel, for respondent.

Before COLINS, President Judge,
NEWMAN, J., and LORD, Senior Judge.

LORD, Senior Judge.

Diana Pisano has filed this petition for review from an order of the State Civil Service Commission (Commission) which dismissed her petition for enforcement on finding that DER had complied with a previous Commission order.

The relevant underlying facts which led to the Pisano's filing an enforcement petition before the Commission are that, in March 1991, Pisano was demoted in lieu of furlough from her position as Administrative Officer I to Administrative Assistant I. At her request, she was then furloughed. Subsequently, on March 24, 1993, the Commission found that Pisano was improperly furloughed[1] and entered the following order:

that the *appellant be reinstated* in her regular position as Administrative Officer I effective within thirty (30) calendar days following receipt of a copy of this Adjudication and Order, and orders that the *appellant be reimbursed for wages and emoluments since the close of business on February 28, 1991, less any wages earned and benefits received* under the Public Laws of Pennsylvania as established by a sworn statement to be submitted by the appellant.

(emphasis added).

According to the Commission's opinion in support of its decision on the enforcement petition, which Pisano now appeals, her employment history is as follows:

Appellant (Pisano) was initially notified of a demotion from her regular status Administrative Officer (AO) 1 position to an Administrative Assistant (AA) 1 position in lieu of furlough from the appointing authority. Stip. No. 1. Upon Appellant's request, the appointing authority withdrew the demotion and, instead, furloughed the appellant effective March 1, 1991. Stip. No. 2. From the effective date of furlough through December 30, 1991, the appellant was (apparently) unemployed and receiving unemployment compensation benefits. Stip. Ex. E. On December 30, 1991, appellant began employment with the Department of Public Welfare. Stip. Ex. E. Said employment continued through March 24, 1993, when appellant left that job. Stip. No. 6. On December 14, 1993, the appointing authority provided Appellant with a check for $5,958.66 (gross), its determination of the amount due under our Order. Said amount was calculated as "the difference between what [appellant] would have received as an Administrative Assistant I and the Administrative Officer I position." Stip. Ex. D.

A hearing on Pisano's petition for enforcement was scheduled, but the parties instead elected to submit a stipulation of facts. Pisano argued in briefs before the Commission

---

1. The Commission's determination was occasioned by this Court's decision in *Wydra v. Department of Public Welfare,* 153 Pa.Cmwlth. 202, 620 A.2d 683 (1993), *petition for allowance of* *appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993), and was rendered on consideration of Pisano's application for reconsideration.

that the March 24 order required DER to subtract from her back pay the actual wages and benefits she received, not, as DER did, to subtract the wages she *would have* earned had she remained in the administrative assistant position. On consideration of the stipulation and both parties' briefs, the Commission made a finding that DER "has complied with the Commission's March 24, 1993 Order...." Hence, the Commission declined to grant the relief Pisano requested in her petition for enforcement.

On appeal to this Court, Pisano contends that the Commission erred in not concluding that the question of whether her damages were to be mitigated according to DER's calculation was decided by the Commission's March 24, 1993 reinstatement order, which was final and not appealed by DER. Thus, Pisano argues, DER is bound by that order to calculate the amount of back pay damages by taking her *actual* earnings and unemployment compensation and deducting them from her gross earnings in the Administrative Officer position.

On the other hand, DER argues that it complied with the March 24 order by reinstating Pisano to her original position and, applying the correct principles of mitigation, compensating Pisano to full wages: that is— back salary calculated as the difference between the salary Pisano would have received as Administrative Officer 1 and the salary she would have received as Administrative Assistant 1 had she not chosen to relinquish that position.

■ Pisano would have us apply either the doctrine of res judicata or that of collateral estoppel to hold that the Commission should have barred DER from "imposing its own legal conclusion regarding mitigated damages" and "relitigating the issue absent a timely petition for reconsideration or proper and timely appeal." We agree with DER, though, that neither doctrine is apposite here. Res judicata applies, when certain conditions are present, to bar the relitigation of the same cause of action, *City of Pitts-*

*burgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989); collateral estoppel bars the relitigation of an already judicially determined issue in a subsequent cause of action, *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994). In seeking enforcement of the Commission's March 24 order, Pisano was prosecuting the *same* cause of action she brought in her original petition to the Commission, in which she sought reinstatement and back pay. The question of how back pay was to be calculated was never litigated until the enforcement petition was brought. Hence, we find that neither doctrine is availing to Pisano.

■ However, we do not agree that the Commission's decision is legally correct. We return to the clear language of the order that was to be enforced, which directs DER to reimburse Pisano for wages and emoluments since her last day of work as an administrative officer at DER "less any wages *earned* and benefits *received....*" The order does not state that DER should subtract wages Pisano *could have* received. Moreover, as the parties stipulated, Pisano filed a sworn statement as directed by the March 24 reinstatement order. That statement was an affidavit of the wages Pisano earned and the benefits she received, consistent with the language of the order.

> [Pisano] filed with [DER] the affidavit *required under the Order* setting forth all wages earned and unemployment compensation received during the period of [Pisano's] furlough. Copy attached hereto as Exhibit 'A'." (Stipulation of Fact No. 5, June 22, 1994, emphasis added).

Thus, Pisano's interpretation of the order is correct.[2]

DER apparently attempted at Pisano's furlough hearing to introduce evidence of Pisano's reasons for refusing to accept the demotion position in order to mitigate damages but was rebuffed by the commissioner presiding when she ruled such evidence was not relevant. DER did not take exception to this ruling. The Commission, on reconsideration

---

**2.** We simply cannot put much credence in the assertion that DER is entitled to *its* interpretation because the language of that order mandating the remedy is "virtual boilerplate" and, in these types of cases, the "details of how an order is to be implemented are inevitably worked out by the parties who must occasionally work 'between the lines' of the order." (Respondent's brief, p. 14).

of its earlier order, directed DER to reinstate Pisano to her original position with back pay as indicated—wages and emoluments since her last day of work as an administrative officer, less wages earned and benefits received. If DER believed the order was incorrect, incomplete or even ambiguous, it should have petitioned for clarification or reconsideration or should have appealed; DER took none of these steps. If DER chose not to challenge the order because it believed it to be subject to but one interpretation, then DER cannot now be heard to say it is not bound by the clear words of that order and will not be allowed to change that order in defense of a petition for enforcement.

This Court recently had occasion to decide a similar case presented to us in the same procedural posture as this one. In *Pletz v. Department of Environmental Resources*, 664 A.2d 1071 (Pa.Cmwlth.1995), another improperly furloughed DER employee filed a petition for enforcement of the Commission's reinstatement with back pay order, contending that DER wrongfully withheld back pay compensation for the five-month period she was allowed to take sick leave without pay from her alternative employer (as in Pisano's case, the Department of Public Welfare). We held in that case that DER was not required to reimburse the employee for the period she was on voluntary sick leave because, by thereby making herself unavailable for work, she failed to comply with the rule of law that a complainant in a breach of employment contract action must mitigate her damages. *Id.* at ——, 664 A.2d 1071.

The case before us is different in two critical respects. First, we said in *Pletz* that the petitioner failed to comply with the principle of mitigation when she chose to take sick leave without pay. "Once Pletz took such action, she made herself unavailable for work." *Id.* Here, Pisano accepted a demotion in lieu of furlough, then asked to be furloughed, and began receiving unemployment compensation[3] until she accepted a position with the Department of Public Welfare, where she remained until the Commission entered its reinstatement order. There is nothing in the record, which consists of the parties' joint stipulation of facts, that would allow the Commission to find that Pisano made herself unavailable to the work force, and there is no evidence on the question of whether Pisano's refusal to accept the demotion in lieu of furlough was (or was not) reasonable.

Second, in *Pletz*, DER's reduction of the petitioner's back pay actually comported with the express language of the order, (identical in material respects to the one in this case) to reimburse the petitioner for wages and emoluments, less wages earned and benefits received. While the petitioner was on sick leave without pay for over five months, she was not to have received any wages and, if this type of leave is an "emolument," it is one without remuneration. Thus, unlike in this case, it was the petitioner in *Pletz* who attempted to *modify* the order by way of a petition to enforce it.

DER calls our attention to the rule of law in breach of employment contract cases that the measure of damages is the wages which were to be paid less any amount actually earned or any amount which might have been earned through the exercise of reasonable diligence in seeking other employment. *Appeal of Edge*, 147 Pa.Cmwlth. 27, 606 A.2d 1243 (1992). It is the terminating employer's burden to show that losses could have been avoided. *Id.*

We agree with DER's statement of the law of mitigation of damages, but we add that the reduction of damages by mitigation is *at the outset* to be subject to a full determination of whether the employee had reasonable grounds to refuse offered employment. Presentation of such evidence at a furlough or termination hearing would obviate the misinterpretation of orders and delays attendant to enforcement proceedings that are illustrated by this case.

---

3. One of the conditions of eligibility for unemployment compensation is that the claimant be able and available for work. Section 401(d)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(d)(1).

Having stated that evidence on the mitigation of damages is a necessary element of any back pay award and ought to be presented at the outset of any furlough or termination appeal, we reiterate that DER did not challenge the Commission's original decision not to take evidence of Pisano's refusal to accept a job, and did not appeal the reinstatement order directing that damages be measured by subtracting actual wages *earned* from wages due.

Accordingly, we reverse the Commission's decision and remand with instructions to enter an order directing DER 1) to calculate Pisano's reimbursement by subtracting only the wages and benefits contained in the affidavit submitted as Exhibit "A" to the June 22, 1994 stipulation of facts from the wages and emoluments due her as an administrative officer since the close of business February 28, 1991; and 2) to pay the amount so calculated less the amount DER already paid to Pisano on December 14, 1993 pursuant to the reinstatement and back pay order.

## ORDER

AND NOW, this 13th day of October, 1995, the decision of the State Civil Service Commission in appeal no. 12729, dated February 24, 1995, is hereby reversed. The matter is remanded to the Commission for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.