Thelma B. Warwood, Petitioner *v.* Lancaster County Board of Assistance, Department of Public Welfare of the Commonwealth of Pennsylvania, Respondent.

Argued September 13, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Charles W. Johnston, Jr.,* with him *Handler, Gerger and Weinstock,* for petitioner.

*Robert E. Kelly,* with him *Lynne M. Mountz,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 22, 1977:

On September 22, 1976, the State Civil Service Commission (Commission) issued an order dismissing the appeal of Thelma B. Warwood from a December 4, 1975 extension of her probationary status as an Income Maintenance Worker II and from a March 12, 1976 demotion to Income Maintenance Worker I. Warwood has appealed only the decision concerning the extension of her probationary status to this Court.

Warwood, an employee of the Lancaster County Board of Assistance (appointing authority), was promoted to the position of Income Maintenance Worker II, probationary status. During her probationary period, which was to last 6 months, Warwood's performance was continually monitored so that her ability to perform her new duties satisfactorily could be determined.[1] Initially, she had difficulty handling the work, and her supervisor was compelled to redistribute a large portion of her caseload to the other employees. Gradually, most of the work was returned to Warwood, although specific problems remained. Finally, a formal evaluation was made of Warwood's performance. The report of this evaluation, which was presented to Warwood on December 4, 1975, contained unsatisfactory ratings in the areas of quality of work and work habits. It also purported to extend her probationary status for an additional 3 months. The reasons for this personnel action included Warwood's ineffective planning and organization of work, her failure to organize field visiting and maintain accurate record keeping, and her unreceptive attitude

---

[1] *See* Section 3(t) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.3(t).

toward constructive criticism. Warwood refused to sign this report. Thereafter, she appealed the personnel action to the Commission.

Warwood's subsequent performance showed little sign of improvement, and near the end of her extended probationary period she received notice of her pending demotion. The notice specified as aspects of her unsatisfactory performance her inaccurate recording and reporting of information in case records and her failure to complete followup work on a timely basis. Warwood also appealed this personnel action, alleging discrimination for nonmerit reasons.

A hearing was subsequently held before the Commission on both of Warwood's appeals. During the hearing, it was revealed that Warwood was responsible for several gross overpayments involving thousands of taxpayer dollars. It was not revealed that any of these large sums were recovered. Among other errors attributed to her was the failure to maintain adequate records of her comparatively high expenses. The Commission failed to find any evidence to support Warwood's charges of discrimination. On the contrary, it found substantial and credible evidence to support the appointing authority's personnel actions.

On appeal to this Court, Warwood has chosen not to further contest her demotion. Thus, she does not suggest that her performance was satisfactory or that nonmerit factors were responsible for the demotion. *See, e.g., Philadelphia County Board of Assistance v. Cahan*, 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976) ; Section 706 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.706. Rather, she contends that the extension of her probationary period was contrary to law and that consequently she automatically attained regular status at the end of the original probationary period. Ap-

parently, she seeks back pay between that time and the time of her presently uncontested demotion.

We need not decide whether the Commission's regulation under which her probationary status was extended[2] is invalid because it has not been established

---

[2] 4 Pa. Code §97.31 provides:

The length of the probationary period in appointments and promotions, for all classes of positions, part-time and full-time, irrespective of the number of hours in the work week, shall be six months. When the length of the training period for a training title or a training class of positions exceeds six months, the probationary period shall coincide with the training period, but shall not exceed 18 months. The probationary period may be extended to a maximum period of 18 months, at the discretion of the appointing authority, after written notice thereof is received by the Commission, at least 14 days prior to the expiration of the probationary period. If an appointing authority fails to give the Commission the required advance notice of extension, the official records of the Commission shall be conclusive with respect to employes' probationary or regular status.

This regulation was promulgated pursuant to guidelines established in Section 603(a) of the Act, 71 P.S. §741.603(a), which provides, in pertinent part:

(a) No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the commission and shall in no case be less than six months or more than eighteen months. At such times during the probationary period, and in such manner as the director may require, the appointing authority shall report to the director his observation of the work of the employe and his judgment as to the willingness and ability of the employe to perform his duties satisfactorily and as to his dependability. At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service.

that Warwood ever attained regular status. Even if her continued probationary status was contrary to law, there is no provision in the law to convert it to a regular status. *Cf. Shapiro v. State Civil Service Commission*, 12 Pa. Commonwealth Ct. 121, 315 A.2d 324 (1974) (no provision in law to automatically convert provisional status to regular status). *See also McCartney v. Johnston*, 326 Pa. 442, 191 A. 121 (1937). Rather, Section 603(b) of the Act, 71 P.S. §741.603(b), provides:

> (b) Ten days prior to the expiration of an employe's probationary period the appointing authority shall notify the director in writing whether the services of the employe have been satisfactory. A copy of such notice shall be given to the employe. *If the employe's work has been satisfactory he shall at the completion of his probationary period become a classified service employe under the provisions hereof* and continue in that position unless separated therefrom as herein provided. (Emphasis added.)

Thus, unless it is established that the services of a probationary employee have been satisfactory, as that term is used in the Act, the employee does not achieve any status under the Act which he did not previously enjoy.[3] The instant record does not indicate that Warwood's performance was satisfactory within the meaning of the Act.

The limitation on the achievement of superior status without a corresponding demonstration of superior

---

[3] *See also* Section 28(c) of the amendatory act, Act of August 27, 1963, P.L. 1257, 71 P.S. §741.1005(c) (separation from classified service of certain probationary employees in absence of written notification of satisfactory work) ; 4 Pa. Code §101.32 (former position of probationary employee filled subject to return of employee or *successful* completion of probationary term).

performance is totally consistent with the purpose of the Act:

> Greater efficiency and economy in the administration of the government of this Commonwealth is the primary purpose of this act. The establishment of conditions of service which will attract to the service of the Commonwealth qualified persons of character and ability and their appointment and promotion on the basis of merit and fitness are means to this end.

Section 2, 71 P.S. §741.2.

We have repeatedly stated that an employee's relationship with the classified service turns upon a merit concept. *Pennsylvania Department of Justice v. Grant*, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976); *Rizzo v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 474, 333 A.2d 212 (1975); *Corder v. State Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). We do not believe the Legislature intended that an employee whose performance is not clearly and wholly satisfactory, as that term is used in the Act, be given the right to higher pay and greater responsibility by the mere lapse of time. Such a policy would contradict the express purpose of the Act and the clear implication of Section 603(b).

We therefore hold that, whether or not Warwood's probationary status was properly extended, she did not automatically attain the rights of regular status.

ORDER

AND Now, this 22nd day of November, 1977, the order of the State Civil Service Commission in the above-captioned matter, dated September 22, 1976, is hereby affirmed.