**WERNERSVILLE STATE HOSPITAL,**
Petitioner,

v.

**Jessica A. PETERS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1995.
Decided May 15, 1995.

Robert M. Miller, Jr., Asst. Counsel, for petitioner.

Clement J. Cassidy, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., DELLA PORTA, Senior Judge.

PELLEGRINI, Judge.

Wernersville State Hospital (Employer) appeals an order of the State Civil Service Commission (Commission) reinstating Jessica A. Peters (Peters) to her position as a full-time licensed practical nurse.

On February 1, 1993, Peters was hired by Employer as a part-time practical nurse and then appointed to full-time status in June of 1993. As a civil service employee, Peters was subject to a minimum six month probationary period[1] to which her part-time service was credited on a pro-rata basis. Because of her four months of part-time service, Peters was entitled to a two month credit toward her six month probationary period when appointed to full-time status.

Peters' six month probationary period was to have been facially completed at the end of September of 1993 at which time, ordinarily, her performance would be reviewed and a decision made as to whether she would be appointed to regular status, her probationary period would be extended or she would be

---

**1.** Section 603 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.603 provides:

(a) No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the commission and, except for trainee classes, shall in no case be less than six months or more than eighteen months.... At any time during the probationary period, the appointing authority may remove an employee if in the opinion of the appointing authority the probation indicates that such employe is unable or

unwilling to perform the duties satisfactorily or that the employe's dependability does not merit continuance in the service....

(b) Ten working days prior to the expiration of an employe's probationary period *the appointing authority shall notify the employe in writing whether the services of the employe have been satisfactory.* A copy of such notice shall be given to the director. *If the employe's work has been satisfactory, the employe shall at the completion of the probationary period become a classified service employe* under the provisions hereof and continue in that position unless separated therefrom as herein provided. (Emphasis added.)

terminated. Due to an administrative oversight no review of Peters' performance was made until January of 1994. Because of eight violations of time and attendance policies,[2] Employer did not appoint Peters to regular status and she was terminated.

Peters appealed to the Commission contending that because Employer failed to take any action at the end of her six month probationary period, she had automatically attained regular status pursuant to 4 Pa.Code § 97.31(b) (Probation Regulation) which provided:

> The probationary period … may be extended to a maximum of 18 months … at the discretion of the appointing authority if *written notice* thereof is provided to the employe at least 30 work days before the expiration of the probationary period.… *If an appointing authority fails to provide the employe with the required advance notice of extension, the employe shall be granted regular status.* (Emphasis added).[3]

**2.** Peters received disciplinary counseling for the following incidents:
— for being between thirteen minutes and eighty minutes late on May 28, June 1, July 22, September 15, October 7, October 26 and December 12, 1993, and
— improper use of sick leave on August 3, 1993.

**3.** On September 2, 1994, the Probation Regulation was amended and the language assigning regular status by default was deleted. Section 97.39 was added to address deletions in Section 97.31. The revised regulation provides:
Section 97.31. Duration and extension of probationary periods.
(a) The length of the probationary period in appointments and promotions for full-time positions, except for trainee classes, shall be 6 months (defined as 180 calendar days—6 months at 30 days per month).… Probationary periods for part-time positions shall be prorated according to the number of hours in the work week.
(b) The probationary period, except for trainee classes, may be extended to a maximum of 18 months (defined as 545 calendar days—365 calendar days plus 6 months at 30 days per month), at the discretion of the appointing authority. If the appointing authority decides to extend an employe's probationary period, it shall notify the employe in writing at least 1 work day prior to the effective date of the extension. A copy of the notice shall be submitted simultaneously to the Director.

She also contended that Employer's failure to provide written notice of an extension of her probationary period was a procedural violation of the Probation Regulation as well.

The Commission took official notice of a memorandum from the Executive Director dated September 17, 1993 [4] which stated "effective October 1, 1993, probationary status employes will NOT obtain regular status by default." This memorandum was issued because, apparently, the Commission just became aware of our decision in *Warwood v. Lancaster County Board of Assistance*, 32 Pa.Commonwealth Ct. 468, 379 A.2d 1354 (1977). However, because the policy change did not go into effect until after her six month probationary period should have ended in September 1993, the Commission determined the policy change did not apply to Peters. As a result, the Commission held Peters was unlawfully continued as a probationary employee and under the prior application of the Probation Regulation had attained regular status and ordered her reinstatement. This appeal followed.[5]

Section 97.39. Notice about performance.
The appointing authority shall notify the employe in writing whether the services of the employe have been satisfactory at least 10 work days prior to the expiration of the employe's probationary period. A copy of the notice shall be provided to the Director. If the employe's performance has been satisfactory, the appointing authority shall confer regular status upon the employe.

**4.** The Executive Director's memorandum stated:
Recently the Commonwealth Court's decision in *Warwood v. Lancaster County Board of Assistance* was brought to our attention.… This case is significant in that the Court concluded that the probationary status employe does not automatically obtain rights of regular status by the mere lapse of time.

\* \* \* \* \* \*

Therefore, effective October 1, 1993, probationary status employes will NOT obtain regular status by default. As such, a probationary status employe can only achieve regular status as a result of an affirmative action by the Appointing Authority. Until the Appointing [A]uthority takes such affirmative action, the employe will remain in probationary status *whether or not the probationary period was properly extended.*

**5.** Our scope of review is limited to a determination of whether the Commission committed an

■ Employer contends that the provision in Section 603(b) of the Civil Service Act stating "the appointing authority shall notify the employe in writing whether the services of the employee have been satisfactory.... If the employe's work has been satisfactory, the employe shall at the completion of the probationary period become a classified service employe"[6] requires an employer to take affirmative action to notify the employee whether his or her work was satisfactory before he or she may attain regular status. Relying on the Executive Director's acknowledgement of our decision in *Warwood*, Employer contends, absent such notification, Peters could not automatically attain regular status.

In *Warwood*, the employee was promoted subject to a six month probationary period in her new position. At the end of her probationary period, because her work was unsatisfactory the probationary period was extended three months and ultimately she was demoted. The employee appealed the extension contending it was contrary to law and pursuant to the Probation Regulation she had attained regular status. Recognizing that the prior Probation Regulation conflicted with the Civil Service Act, we stated that an affirmative act by the appointing authority was required in order for an employee to attain regular status. However, that statement is not controlling, because it is dicta. We stated:

> We need not decide whether the Commission's regulation under which [Warwood's] probationary status was extended is invalid because it has not been established that Warwood ever attained regular status. Even if her continued probationary status was contrary to law,

there is no provision in the law to convert it to a regular status.... Thus, unless it is established that the services of a probationary employee have been satisfactory, as that term is used in the Act, the employee does not achieve any status under the Act which he did not previously enjoy....

The limitation on the achievement of superior status without a corresponding demonstration of superior performance is totally consistent with the purpose of the Act[.] ... We do not believe the Legislature intended that an employee whose performance is not clearly and wholly satisfactory, as that term is used in the Act, be given the right to higher pay and greater responsibility by the mere lapse of time. (Footnote omitted.) (Citations omitted.)

*Id.* at 471–73, 379 A.2d at 1355–56. Even though not controlling, its reasoning is sound.

■ By requiring in Section 603(b) of the Civil Service Act that an employee's performance first be found satisfactory, the General Assembly did not intend that an employee be given the benefits of regular status with the mere passage of time. *Warwood.* Instead, the Civil Service Act requires an affirmative act by the appointing authority, evaluation of the employee's performance and notification to him or her that such was satisfactory, before the probationary employee attains regular status. Because the prior Probation Regulation provided that if an evaluation was not undertaken the employee was elevated to regular status by default, it is in conflict with the Civil Service Act. When a regulation conflicts with the statute it is purporting to implement, the regulation

---

error of law, whether there has been a violation of constitutional rights, or whether there is substantial evidence to support the findings of fact necessary to support the adjudication. *Lewis v. Philadelphia Civil Service Commission,* 518 Pa. 170, 542 A.2d 519 (1988).

6. In contrast, under Section 8 of the General Civil Service Act for Second Class Cities, Act of May 23, 1907, P.L. 206, *as amended,* 53 P.S. § 23440, the employer must take an affirmative act to prevent a probationary employee from attaining regular status. Section 8 provides in relevant part:

All original appointments to the competitive and noncompetitive classes of the service shall be for a probationary period of three months.... If at the close of this probationary term, the conduct or capacity of the probationer *has not been satisfactory to the appointing officer, the probationer shall be notified, in writing, that he will not receive absolute appointment, whereupon his employment shall cease; otherwise, his retention in the service shall be equivalent to his final appointment.* (Emphasis added.)

must give way. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board*, 522 Pa. 204, 560 A.2d 1375 (1989); *Lancaster Laboratories, Inc. v. Commonwealth*, 134 Pa.Commonwealth Ct. 59, 578 A.2d 988 (1990).

Until she was notified by Employer that her performance was satisfactory, Peters did not attain regular status but her probationary period also was not formally extended. While the Civil Service Act does not specifically address what happens in such a case, subsection (a) of Section 603 provides for a probationary period from a minimum of six months to a maximum of eighteen months and does not require notification of the employee for extension of the probationary period. Thus, a probationary employee's probationary period may be extended to a maximum of eighteen months without prior notification. Because a civil service probationary employee statutorily cannot attain regular status absent a satisfactory evaluation by the appointing authority, when Peters did not receive an evaluation in September of 1993 there was a *de facto* extension of her probationary period and Employer was acting within its authority when it discharged her.[7]

Accordingly, the order of the Commission is reversed.

### ORDER

AND NOW, this 15th day of May, 1995, the order of the State Civil Service Commission, No. 18002, dated September 29, 1994, is reversed.

---

**7.** Because Peters' probationary status was not extended for the full eighteen months allowed, we need not address the question of what happens when the full probationary period has expired and the probationary employee has not received a satisfactory evaluation.