## PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Petitioner,

v.

## STATE CIVIL SERVICE COMMISSION (LANE), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1997.

Decided Feb. 6, 1998.

Reconsideration and Reargument Denied April 9, 1998.

James S. Marshall, Philadelphia, for petitioner.

Kenneth A. Wise, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and RODGERS, Senior Judge.

LEADBETTER, Judge.

The Department of Public Welfare (DPW) appeals from an order of the State Civil Service Commission (Commission) dated May 19, 1997, which (1) sustained Robert L. Lane's appeal challenging the extension of his probationary period, (2) overruled DPW's extension of Lane's probationary period and (3) ordered that Lane be granted regular status effective May 15, 1995.

Lane was employed by DPW as the Acting Director of the Bureau of Civil Rights Compliance in March of 1992. After successfully completing his probationary period, Lane attained regular status as Director of the Bureau on July 17, 1992. On November 16, 1994, Lane was promoted to the classification of Equal Opportunity Manager 3, probationary status. His probationary period was scheduled to end on May 15, 1995. For more than five months of his six-month probation Lane was supervised by Deputy Secretary of Administration Michael Breslin. On April 24, 1995, John Marinari succeeded Breslin as the Deputy Secretary of Administration and became Lane's supervisor approximately three weeks prior to the expiration of the probationary period.

By letter dated May 24, 1995, Larry Toth, Director of Personnel with DPW, notified Lane of the following:

This is to advise you that in accordance with Section 97.31(b) of the State Civil Service Commission Rules, your probation-

ary period for Equal Opportunity Manager 3 has been extended from six months to nine months. The reason for this extension is to provide your supervisor with additional time to fully evaluate your performance in relation to established performance standards.

Because this extension is for three months (90 calendar days), your new probationary period will be completed on August 13, 1995 providing you receive your performance evaluation which indicates Regular Civil Service status is granted. (Certified Record at 1). This extension was effected pursuant to Management Directive 580.8, which provides that agencies may extend probationary periods to a maximum of eighteen months when more time is needed to adequately evaluate an employee's performance because of a supervisory change.

Lane appealed to the Commission pursuant to Section 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951(b), and challenged the extension of his probationary period, claiming that DPW discriminated against him in violation of Section 905.1 of the Act.[1] Lane contended that DPW's discrimination consisted of: (1) falsely suggesting that his activities with the Harrisburg Branch of the NAACP constituted improper political activity; (2) failing to notify him prior to extending his probationary period that his work performance was unsatisfactory; (3) failing to notify him in a timely fashion that his probationary period was being extended and (4) failing to show that his work performance was unsatisfactory.

After holding a hearing, the Commission concluded that Lane failed to present sufficient evidence to substantiate his claim that the appointing authority discriminated against him based on his affiliation and activities with the NAACP. The Commission also dismissed Lane's argument that because DPW failed to follow the notice requirements, he should have automatically received regular status. The Commission did determine, however, that DPW had no justification for extending Lane's probationary period, and therefore that Lane presented sufficient evidence to establish a violation of Section 905.1 of the Act. The Commission noted that Lane's job responsibilities as an Equal Opportunity Manager 3 were the same as his previous responsibilities as Director of the Bureau of Civil Rights Compliance, which he performed from March of 1992 until his promotion on November 16, 1994. The Commission further opined that DPW should have directed Breslin to prepare an evaluation of Lane's performance prior to resigning from his position as Lane's supervisor. Finding no indication that the extension of Lane's probationary period was based on merit factors, the Commission determined that Breslin would have given Lane a satisfactory rating. The Commission further concluded that these findings were sufficient to establish an affirmative act justifying Lane's elevation to regular status. Thus, the Commission overruled the extension and ordered that Lane be granted regular status effective May 15, 1995. This appeal followed.

■ On appeal, DPW contends that by granting Lane regular status, the Commission violated *Wernersville State Hosp. v. Peters,* 659 A.2d 67 (Pa.Cmwlth.1995). Specifically, DPW asserts that the Commission erred by treating the inference that Lane would have received a satisfactory evaluation as an affirmative act by DPW.[2] We agree.

In *Peters,* we held that under Section 603(b) of the Civil Service Act, 71 P.S. § 741.603, a probationary employee cannot attain regular status with the mere passage of time. *Id.* at 69. Rather, before an employee can attain regular status, the statute requires an affirmative action by the appointing authority, evaluation of the employee's

---

1. Section 905.1 provides:
   No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.
   71 P.S. § 741.905a.

2. DPW's argument that the Commission committed an error of law is subject to our plenary review.

performance and notification to the employee that such performance was satisfactory.[3] We further stated that an employee's probationary period may be extended to a maximum of eighteen months without prior notification. *Id.* at 70.[4]

Despite the dictates of *Peters,* the Commission concluded that had the evaluation been performed by Breslin before the original probationary period expired, Lane's rating would have been satisfactory. However, since Breslin never actually evaluated Lane, the Commission's conclusion that Breslin would have given Lane a satisfactory rating is of no moment, because *Peters* requires that an affirmative act take place before an employee can attain regular status. By substituting its inference as to what Breslin *might* have done in place of the duly authorized action of the agency, the Commission indirectly accomplished that which *Peters* forbids: construing the passage of time without negative action as the equivalent of affirmative action.

■ The Commission further erroneously superimposed its judgment over the discretion vested in the agency by its determination that DPW should have required Breslin to evaluate Lane, instead of extending the probation so that the new supervisor, Marinari, could make his own evaluation. As noted above, Management Directive 580.8 specifically allows extensions because of a supervisory change. Numbered management directives, announcing detailed policies, programs, responsibilities, and procedures relatively permanent in nature, have the force of law when they are based upon authority or duty conferred by constitution, statute or regulation. *Reneski v. Department of Public Welfare,* 84 Pa.Cmwlth. 226, 479 A.2d 652, 653 (1984) (holding Manage-

ment directives promulgated by the Civil Service Commission have force of law). The Directive does not conflict with the Act. Rather, it provides a method to ensure that an appointing agency has sufficient time in which to evaluate probationary employees. So long as the probation is extended in good faith for the purpose of evaluation and not as a pretext for some improper purpose, it is within the sole discretion of the agency to determine whether such an extension is necessary and appropriate.

For the above stated reasons, the Commission's order is reversed.

### ORDER

AND NOW, this 6th day of February, 1998, the order of the State Civil Service Commission, dated May 19, 1997, is hereby reversed.

---

**3.** We also recognized in *Peters* that our interpretation of Section 603(b) of the Act was incompatible with 4 Pa.Code § 97.31(b)(allowing extension of probationary period to maximum of 18 months at discretion of appointing authority if written notice is provided 30 days before the expiration of the probationary period and granting regular status if such notice is not provided). 659 A.2d at 69. When a regulation conflicts with the statute it is purporting to implement, the regulation must give way. *Id.* at 69–70 [citing *Consulting Engineers Council of Pennsylvania v.*

*State Architects Licensure Bd.,* 522 Pa. 204, 560 A.2d 1375 (1989)]. Thus, *Peters* invalidated § 97.31(b) to the extent that it conflicted with the requirements of an affirmative act, evaluation and notification.

**4.** Since Lane's probationary period was only extended to nine months, we need not decide today whether an employee would be granted regular status if his probation was extended beyond the statutory 18 month period.